UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION | MDL NO. 2:18-mn-2873-RMG |

| | |
|---|---|
| TYCO FIRE PRODUCTS LP,<br>                           *Plaintiff*,<br>v.<br><br>AIU INSURANCE COMPANY,<br><br>AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY,<br><br>AMERICAN HOME ASSURANCE COMPANY,<br><br>GREAT AMERICAN ASSURANCE COMPANY,<br><br>INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>NEW HAMPSHIRE INSURANCE COMPANY,<br><br>STARR INDEMNITY AND LIABILITY COMPANY,<br><br>SWISS RE CORPORATE SOLUTIONS AMERICA INSURANCE COMPANY formerly known as NORTH AMERICAN SPECIALTY INSURANCE COMPANY, and<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>                           *Defendants*. | Civil Action No. 2:23-cv-02384-RMG<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff Tyco Fire Products LP, through undersigned counsel, brings this action against the defendant insurers identified below and alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, the following in support of its complaint, as follows:

## NATURE OF THE ACTION

1. This is an insurance coverage dispute arising under primary, umbrella, and excess liability insurance policies (the "Policies") issued by the defendants to or covering plaintiff Tyco Fire Products LP ("Tyco Fire Products").

2. Tyco Fire Products is a worldwide fire protection and fire detection safety products company, with manufacturing, sale and distribution of products, together with associated fire suppressant training, testing, research, and development of such products. By and through this action, Tyco Fire Products seeks insurance coverage for various underlying lawsuits, referred to as the "AFFF Suits," arising out of its manufacture, design, sale, supply, use or distribution of fire safety products.

3. Specifically, Tyco Fire Products has been named as a defendant in suits brought by individual claimants, including current and former military and civilian firefighters, public, quasi-public and private water providers, state and municipal governmental authorities, and others, that have allegedly suffered bodily injury, property damage, or personal injury, or some combination thereof, which they attribute to exposure to fire safety products manufactured, designed, sold, supplied or distributed by Tyco Fire Products (the "AFFF Suits"). These suits have been filed in various state courts, including in South Carolina, and are pending in a multi-district litigation, or "MDL" before the Honorable Richard M. Gergel in this Court.

4. The defendants' policies described herein consist of primary, umbrella, and excess comprehensive general liability policies for the policy periods spanning from 1990 to 2016, requiring the defendants to defend and/or indemnify Tyco Fire Products, in full, from suits alleging bodily injury, personal injury, or property damage, or a combination thereof (the "Policies"). Certain of the policies contain a duty to defend, or duty to pay or reimburse defense costs, which requires each of the applicable insurer defendants to provide a full defense in connection with the AFFF Suits. Each of the Policies also provides insurance coverage requiring each of the insurer defendants to pay all costs and expenses incurred in satisfying any legal liability in connection with the AFFF Suits, including any settlement or judgment.

5. The AFFF Suits allege a covered occurrence, and seek damages for bodily injury, property damage or personal injury, as those terms are defined in the Policies. Accordingly, one or more of the defendants has a duty to defend or to pay or reimburse defense costs in full. All defendants have an obligation to acknowledge coverage and to indemnify the AFFF Suits on a joint and several, "all sums" basis, in accordance with Policy obligations.

6. Tyco Fire Products has satisfied all terms and conditions of the Policies, including the payment of premiums and tender of the AFFF Suits. Tyco Fire Products is thus entitled to the full benefit of the insurance coverage available under the Policies.

7. Tyco Fire Products brings this action for declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, *et seq*. This case involves an actual, justiciable controversy between and among the parties as described herein. Specifically, and as more particularly alleged herein, Tyco Fire Products seeks declarations that each of the insurer defendants identified herein is obligated to (1) provide Tyco Fire Products with a full investigation and defense in connection with the AFFF Suits or pay or reimburse in full the

underlying costs of investigation and defense of the AFFF Suits; and/or (2) pay in full any and all legal liabilities incurred, to be incurred, or paid in connection with the AFFF Suits, including any and all settlements or judgments.

8. Plaintiff further seeks declarations that (1) each of the umbrella and excess insurers with a duty to defend or obligation to pay or reimburse defense and investigation costs and expenses must provide Tyco Fire Products with a complete defense in connection with the AFFF Suits, or pay or reimburse in full the underlying costs of investigation and defense of the AFFF Suits; and (2) that all of the umbrella and excess insurer defendants must pay in full for any and all legal liabilities incurred, to be incurred, or paid in connection with the AFFF Suits, including any and all settlements or judgments.

9. Plaintiff also seeks all further declarations and remedies necessary and appropriate in aid of this Court's general equity jurisdiction to determine in one proceeding all pertinent issues and grant full and complete relief to Tyco Fire Products.

## THE PARTIES

### *Plaintiff*

10. **Tyco Fire Products LP.** Tyco Fire Products LP is a limited partnership organized under the laws of the State of Delaware, and is a citizen of Delaware based on the citizenship of its limited partners, with its principal place of business in Marinette, Wisconsin.

### *Defendants*

11. **AIU.** Defendant AIU Insurance Company ("AIU") is a corporation organized under the laws of the State of New York, with its principal place of business located in the State of New York. Upon information and belief, at all relevant times, AIU was and is licensed to do and is doing business in the State of South Carolina. AIU is also at times referred to as "AIG."

4

12. **American Guarantee.** Defendant American Guarantee and Liability Insurance Company ("American Guarantee") is a corporation organized under the laws of the State of New York, with its principal place of business located in the State of Illinois. Upon information and belief, at all relevant times, American Guarantee and Liability was and is licensed to do and is doing business in the State of South Carolina. American Guarantee is also at times referred to as "Zurich."

13. **American Home.** Defendant American Home Assurance Company ("American Home") is a corporation organized under the laws of the State of New York, with its principal place of business located in the State of New York. Upon information and belief, at all relevant times, American Home was and is licensed to do and is doing business in the State of South Carolina. American Home is also at times referred to as "AIG."

14. **Great American.** Defendant Agricultural Insurance Co., now known as Great American Assurance Co. ("Great American") is a corporation organized under the laws of the State of Ohio, with its principal place of business located in the State of Ohio. Upon information and belief, at all relevant times, Great American was and is licensed to do and is doing business in the State of South Carolina.

15. **Ins. Co. of Pennsylvania.** Defendant Insurance Company of the State of Pennsylvania ("Ins. Co. of Pennsylvania") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of New York. Upon information and belief, at all relevant times, Ins. Co. of Pennsylvania was and is licensed to do and is doing business in the State of South Carolina. Ins. Co. of Pennsylvania is also at times referred to as "AIG."

16. **National Union.** Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located in the State of New York. Upon information and belief, at all relevant times, National Union was and is licensed to do and is doing business in the State of South Carolina. National Union is also at times referred to as "AIG."

17. **New Hampshire Ins. Co.** Defendant New Hampshire Insurance Company ("New Hampshire") is a corporation organized under the laws of the State of Illinois, with its principal place of business located in the State of New York. Upon information and belief, at all relevant times, New Hampshire was and is licensed to do and is doing business in the State of South Carolina. New Hampshire is also at times referred to as "AIG."

18. **North American.** Defendant North American Specialty Insurance Company, now known as Swiss Re Corporate Solutions America Insurance Corporation ("North American"), is organized under the laws of the state of Missouri, with its principal place of business located in Missouri. Upon information and belief, at all relevant times, North American was and is licensed to do and is doing business in the State of South Carolina.

19. **Starr Indemnity.** Defendant Starr Indemnity and Liability Company ("Starr Indemnity") is a corporation organized under the laws of the State of Texas, with its principal place of business located in the State of New York. Upon information and belief, at all relevant times, Starr Indemnity was and is licensed to do and is doing business in the State of South Carolina.

20. **Zurich American Insurance Company.** Defendant Zurich American Insurance Company, formerly known as Zurich Insurance Company ("Zurich American") is a corporation

organized under the laws of New York, with its principal place of business located in Illinois. Upon information and belief, at all relevant times, Zurich was and is licensed to do and is doing business in the State of South Carolina. Zurich American is also at times referred to as "Zurich."

## JURISDICTION AND VENUE

21.     This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. Complete diversity exists because no defendant is domiciled in the same states as plaintiff (Delaware and Wisconsin). The amount in controversy substantially exceeds the jurisdictional threshold of $75,000.

22.     This Court may exercise personal jurisdiction over each defendant insurer consistent with due process because defendants each knowingly availed themselves of this forum, including because (i) each insurer deliberately licensed itself to do business in South Carolina and engages in substantial business activities in this State; (ii) each insurer included South Carolina within the coverage territory of each of the Policies at issue, thereby insuring South Carolina risks relating to Tyco Fire Products' operations, products, and interests in or relating to South Carolina; and (iii) each insurer promised, though its Policies, to provide insurance benefits in or relating to South Carolina, including by paying damages and/or providing a defense or paying defense costs with respect to underlying suits brought in South Carolina, by South Carolina claimants, or affecting residents, businesses, property, or interests in South Carolina, including AFFF Suits arising from this State.

23.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 including because (i) each defendant is subject to personal jurisdiction in this judicial district; and (ii) a substantial part of the events or omissions giving rise to this action occurred in this judicial district, because each insurer's Policies promise to provide insurance benefits and insure risks relating to Tyco Fire

Products operations, products, and interests in or relating to this judicial district, and this judicial district is where the underlying AFFF Suits are being litigated and potentially resolved as part of a pending MDL in South Carolina, Docket No. 2:18-mn-02873-RMG.

24.     Venue is appropriate in the United States District Court for the District of South Carolina, Charleston Division, pursuant to this Court's Case Management Order No. 3 ("CMO 3").  Tyco Fire Products states that but for CMO 3 permitting direct filing in the United States District Court for the District of South Carolina, Charleston Division, Tyco Fire Products would have filed this Complaint in the United States District Court for the District of South Carolina.  Further, in accordance with CMO 3, Tyco Fire Products hereby designates the United States District Court for the District of South Carolina as the "Home Venue," as this case may have originally been filed there.

## FACTUAL BACKGROUND

### *The AFFF Suits*

25.     Tyco Fire Products has been named as a defendant in over 4,000 suits which allege bodily injury, personal injury, and/or property damage (or combination thereof) caused by certain man-made chemicals known as per- and polyfluoroalkyl substances ("PFAS") which are allegedly contained in aqueous film-forming foam products manufactured, distributed and sold by Tyco Fire Products (the "AFFF Suits").  The AFFF Suits are pending in the Multidistrict Litigation Court in South Carolina, MDL Docket No. 2:18-mn-02873-RMG (the "MDL Claims").  The AFFF Suits include all MDL AFFF Suits and also include all similarly-situated suits now pending or asserted in the future, including such future MDL AFFF Suits and otherwise.  The Policies discussed herein are responsive to the AFFF Suits.

26.     The AFFF Suits allege a covered occurrence under the Policies and seek damages for bodily injury, personal injury or property damage (or combination thereof) during one or

more of the policy periods of the Policies. The allegations in the AFFF Suits trigger the insurer defendants' duty to defend Tyco Fire Products or to pay or reimburse Tyco Fire Products' defense and investigation costs in the AFFF Suits. The allegations of the AFFF Suits also require each, some or all of the defendants fully to indemnify Tyco Fire Products on a joint and several, "all sums" basis for any and all settlements or judgments in the AFFF Suits in accordance with the terms of their respective Policies.

27. The AFFF Suits seek damages based on causes of action sounding in product liability, strict liability, including strict products liability, failure to warn, nuisance, negligence, and trespass, among others.

### *The Policies*

### **The AIU Policy**

28. Defendant AIU issued at least the following Policy to Tyco Fire Products with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| 75-105119 | 06/01/1990-06/01/1991 |

### **The American Guarantee Policies**

29. Defendant American Guarantee issued at least the following Policies to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| AEC 5087987 00 | 10/01/2004-10/01/2005 |
| AEC 9260785 00 | 06/29/2007-10/01/2008 |
| AEC926078501 | 10/01/2008-10/01/2009 |
| IPR 3792307-00 | 10/01/2011-10/01/2012 |
| AEC5834021-00 | 10/01/2012-10/01/2013 |

9

### The American Home Policies

30.  Defendant American Home issued at least the following Policies to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| RMGL 612-28-43 | 07/01/1999-07/01/2000 |
| RMGL 612-36-20 | 07/01/2000-10/01/2001 |
| RMGL 612-48-79 | 10/01/2001-10/01/2002 |
| RMGL 612-48-79 | 10/01/2002-10/01/2003 |
| GL 480-59-49 | 10/01/2003-10/01/2004 |
| GL 547-35-58 | 10/01/2004-10/01/2005 |
| GL 574-97-08 | 10/01/2005-10/01/2006 |
| GL 575-91-20 | 10/01/2006-10/01/2007 |
| BE 4485682 | 10/01/2006-6/29/2007 |
| GL 159-54-15 | 06/29/2007-10/01/2008 |
| BE 9835073 | 06/29/2007-10/01/2008 |

### The Great American Policy

31.  Defendant Great American issued at least the following Policy to Tyco Fire Products with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| EXC 7-30-62-19-00 | 10/19/1992-06/01/1993 |

### The Ins. Co. of Pennsylvania Policy

32.  Defendant Ins. Co. of Pennsylvania issued at least the following Policy to Tyco Fire Products with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| 4690-2085 | 06/01/1990-06/01/1991 |

### The National Union Policies

33.  Defendant National Union issued at least the following Policies to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| RMGL 249-83-23 | 06/01/1990-06/01/1991 |
| BE 308-08-48 | 06/01/1990-06/01/1991 |
| RMGL 325-00-09 RA | 06/01/1991-06/01/1992 |
| BE 308-34-44 | 06/01/1991-06/01/1992 |
| RMGL 326-42-43 RA | 06/01/1992-07/01/1993 |
| BE 308-62-96 | 06/01/1992-07/01/1993 |
| RMGL 175-93-23 | 06/01/1993-06/01/1994 |
| RMGL 175-93-24 | 07/01/1993-07/01/1994 |
| BE 308-98-82 | 07/01/1993-07/01/1994 |
| RMGL 319-82-58 | 07/01/1994-07/01/1995 |
| BE 309-56-08 | 07/01/1994-07/01/1995 |
| RMGL 121-25-71 | 07/01/1995-07/01/1996 |
| BE 309-97-01 | 07/01/1995-07/01/1996 |
| RMGL 143-76-09 | 07/01/1996-07/01/1997 |
| BE 309-97-81 | 07/01/1996-07/01/1997 |
| RMGL 143-85-92 | 07/01/1997-07/01/1998 |
| BE 932-56-66 | 07/01/1997-07/01/1998 |
| RMGL 612-19-91 | 07/01/1998-07/01/1999 |
| BE 357-43-22 | 07/01/1998-07/01/1999 |
| 346 39 36 | 07/01/1998-07/01/1999 |
| BE 701 62 13 | 07/01/1999-07/01/2000 |
| BE 7394784 | 07/01/2000-10/01/2001 |
| BE 8713678 | 10/01/2001-10/01/2002 |
| BE 2195412 | 10/01/2002-10/01/1003 |
| BE 2977855 | 10/01/2003-10/01/2004 |
| BE 2978239 | 10/01/2004-10/01/2005 |
| BE 2979931 | 10/01/2005-10/01/2006 |

**The New Hampshire Policies**

34.     Defendant New Hampshire issued at least the following Policies to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| GL 187-19-24 | 10/01/2008-10/01/2009 |
| GL 187-19-90 | 10/01/2008-10/01/2009 |
| GL 090-73-63 | 10/01/2009-10/01/2010 |
| GL 090-73-64 | 10/01/2009-10/01/2010 |
| GL 436-08-84 | 10/01/2010-10/01/2011 |
| GL 436-08-85 | 10/01/2010-10/01/2011 |
| GL 244-96-07 | 10/01/2011-10/01/2012 |
| GL 244-96-08 | 10/01/2011-10/01/2012 |

| Policy Number | Policy Period |
|---|---|
| GL 714-64-17 | 09/28/2012-10/01/2013 |
| GL 714-64-18 | 09/28/2012-10/01/2013 |

### The North American Policy

35.     Defendant North American issued at least the following Policy to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| H2X0000300-00 | 10/01/2010-10/01/2011 |

### Starr Indemnity Policy

36.     Defendant Starr Indemnity issued at least the following Policy to Tyco Fire Products with effective dates and policy number as set forth below:

| Policy Number | Policy Period |
|---|---|
| 1000040408151 | 10/01/2015-10/01/2016 |

### The Zurich American Policies

37.     Defendant Zurich American issued at least the following Policies to Tyco Fire Products with effective dates and policy numbers as set forth below:

| Policy Number | Policy Period |
|---|---|
| EUO 8472802-00 | 07/01/1997-07/01/1998 |
| EUO 8472802-01 | 07/01/1998-07/01/1999 |
| EUO 8472802-02 | 07/01/1999-07/01/2000 |
| AEC 5223121-00 | 10/01/2001-10/01/2002 |

### CAUSES OF ACTION

### COUNT I
### (Declaratory Judgment)

38.     Tyco Fire Products incorporates Paragraphs 1 through 37 as though fully set forth herein, and further alleges as follows:

39. The defendants identified herein, under their Policies and applicable law, have a duty to investigate, defend, reimburse and indemnify Tyco Fire Products completely from and against the AFFF Suits. The defendants disagree with these assertions. An actual and justiciable controversy exists between Tyco Fire Products and these defendants concerning their obligations under the applicable Policies.

40. Accordingly, Tyco Fire Products seeks declarations as to the interpretation and meaning of the Policies identified herein that these defendants issued to Tyco Fire Products, as follows:

    a. The Policies cover all AFFF Suits that allege bodily injury, personal injury, injurious exposure, progression of injury and/or disease, manifestation of illness, death, or property damage (including any combination thereof) during any Policy period due to the presence or alleged presence of certain PFAS chemicals in or resulting from Tyco Fire Products' manufacture design, sale, supply, use or distribution of AFFF;

    b. The AFFF Suits "trigger" the Policies as long as injury or damage is alleged during the period of the Policy;

    c. Tyco Fire Products may select the Policy or Policy years to which to assign or allocate in full loss from the AFFF Suits;

    d. In the case of any claimed ambiguity in any Policy, such ambiguity shall be construed in favor of the broadest coverage afforded under the Policy;

    e. Each defendant's duty to defend or to pay or reimburse defense costs for the AFFF Suits is a joint, several and indivisible obligation under the

Policies that provide for a duty to defend or to pay or reimburse defense costs;

f. If any allegation or cause of action in an AFFF Suit is potentially covered under the Policies, then the defendant must fully defend or pay or reimburse in full the costs of defending against all of the allegations and all of the causes of action in the complaint;

g. Each Policy is required to pay or reimburse all sums that Tyco Fire Products becomes legally obligated or required to pay as damages by reason of the AFFF Suits;

h. Each Policy must indemnify covered AFFF Suits, in full, up to its "per occurrence" limit, regardless of whether a continuing injury spans multiple policy periods;

i. Any aggregate limit on coverage in any of the Policies is a limitation on coverage, and therefore each defendant has the burden to prove, based on the evidence, that an AFFF Suit is subject to the aggregate limit in the Policies, if any;

j. Tyco Fire Products is not required to pay or reimburse deductibles or self-insured retentions for the AFFF Suits or such deductible or self-insured retentions have been satisfied;

k. "Fronting" policies, deductibles, self-insured retentions or retained limits do not constitute "other insurance" within the context of the Policies; and

l. Coverage under the Policies for the AFFF Suits is not precluded on the basis of any purported limitation or exclusion that might be contained in

14

the Policies, including but not limited to any so-called "pollution exclusion" or any purported limitation or the payment of damages because of property damage.

41. Actual and justiciable controversies therefore exist between Tyco Fire Products and defendants concerning their obligations under the applicable Policies.

42. The immediacy of this controversy justifies this Court's exercise of authority to issue a declaratory judgment determining the duties and obligations of the parties under the applicable Policies. The Court's issuance of an order determining the rights and duties of the parties under the applicable Policies will conclude the existing controversy between the parties.

## COUNT II
### (Declaratory Judgment and Other Relief)

43. Tyco Fire Products incorporates Paragraphs 1 through 42 as though fully set forth herein, and further alleges as follows:

44. Plaintiff seeks declaratory and injunctive relief from this Court in order to remove, and to afford relief from, the uncertainty and insecurity with respect to its rights under the Policies issued by the defendants, and seeks all remedies necessary and appropriate in aid of this Court's general equity jurisdiction to determine all pertinent issues and grant full and complete relief to Tyco Fire Products, including enjoining defendants from taking any action inconsistent with the terms of any Policy, and including (without limitation) the relief set forth in the preceding claim for relief.

45. Such relief is necessary and appropriate in aid of this Court's jurisdiction and necessary in order to afford the full relief requested by this complaint.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully demands judgment against defendants as follows:

A. On Count I, for the declarations sought therein, including but not limited to the following:

    (i) The Policies cover all AFFF Suits that allege bodily injury, personal injury, injurious exposure, progression of injury and/or disease, manifestation of illness, death, or property damage (including any combination thereof) during any Policy period due to the presence or alleged presence of certain PFAS chemicals in or resulting from Tyco Fire Products' manufacture, design, sale, supply, use or distribution of AFFF;

    (ii) The AFFF Suits "trigger" the Policies as long as injury or damage is alleged during the period of the Policy;

    (iii) Tyco Fire Products may select the Policy or Policy years to which to assign or allocate in full loss from the AFFF Suits;

    (iv) In the case of any claimed ambiguity in any Policy, such ambiguity shall be construed in favor of the broadest coverage afforded under the Policy;

    (v) Each defendant's duty to defend or to pay or reimburse defense costs for the AFFF Suits is a joint, several and indivisible obligation under the Policies that provide for a duty to defend or to pay or reimburse defense costs;

    (vi) If any allegation or cause of action in an AFFF Suit is potentially covered under the Policies, then the defendant must fully defend or pay or

16

|      |       |                                                                                 |
|------|-------|---------------------------------------------------------------------------------|
|      |       | reimburse in full the costs of defending against all of the allegations and all of the causes of action in the complaint; |
|      | (vii) | Each Policy is required to pay or reimburse all sums that Tyco Fire Products becomes legally obligated or required to pay as damages by reason of the AFFF Suits; |
|      | (viii)| Each Policy must indemnify covered AFFF Suits, in full, up to its "per occurrence" limit, regardless of whether a continuing injury spans multiple policy periods; |
|      | (ix)  | Any aggregate limit on coverage in any of the Policies is a limitation on coverage, and therefore each defendant has the burden to prove, based on the evidence, that an AFFF Suit is subject to the aggregate limit in the Policies, if any; |
|      | (x)   | Tyco Fire Products is not required to pay or reimburse deductibles or self-insured retentions for the AFFF Suits or such deductibles or self-insured retentions have been satisfied; |
|      | (xi)  | "Fronting" policies, deductibles, self-insured retentions or retained limits do not constitute "other insurance" within the context of the Policies; and |
|      | (xii) | Coverage under the Policies for the AFFF Suits is not precluded on the basis of any purported limitation or exclusion that might be contained in the Policies, including but not limited to any so-called "pollution exclusion" or any purported limitation on the payment of damages because of property damage; |
| B.   |       | On Count II, for the declarations and other relief sought therein;              |

17

C. For such other and further relief as the Court may deem just and proper; and

D. For plaintiff's attorneys' fees, costs and expenses.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**RIKARD & PROTOPAPAS, LLC**

Date: May 31, 2023

By: s/ Peter D. Protopapas, Esquire

Peter Protopapas (SC Bar 68304)
Rikard & Protopapas, LLC
2110 N. Beltline Boulevard
Columbia, South Carolina 29204
Tel:   803.978.6111
Email: pp@rplegalgroup.com

**MORGAN, LEWIS & BOCKIUS, LLP**
Paul A. Zevnik (*Pro Hac Vice forthcoming*)
David B. Salmons (*Pro Hac Vice forthcoming*)
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2541
Tel:   202.739.3000
Email: paul.zevnik@morganlewis.com
Email: david.salmons@morganlewis.com

**MORGAN, LEWIS & BOCKIUS, LLP**
Jeffrey W. Moss ( *Pro Hac Vice forthcoming*)
One Federal Street
Boston, Massachusetts 02110-1726
Tel:   617.341.7700
Email: jeffrey.moss@morganlewis.com

*Attorneys for Plaintiffs*