IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Tyco Fire Products LP, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 2:23-2384-RMG |
| | ) | |
| v. | ) | |
| | ) | |
| AIU Insurance Company, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court pursuant to the Court's Order of October 17, 2023 (Dkt. No. 103) directing Plaintiff and the AIG Defendants[1] to submit jointly or separately a proposed scheduling order in this action which provided for the completion of briefing on dispositive motions on or before June 1, 2024. Plaintiff and the remaining Defendants were directed to meet and confer concerning whether there were coverage issues not likely to be addressed in the coverage disputes involving Plaintiff and the AIG Defendants which needed to be ruled upon "in order to better facilitate meaningful settlement discussions." (*Id*. at 20).

Plaintiff and the AIG Defendants submitted a proposed scheduling order that required all named Defendants to produce discovery and submit dispositive motions with briefing completed by June 1, 2023. (Dkt. No. 109). The non-AIG Defendants responded to the Court's order by stating they "are not presently aware of issues that they believe pose insurmountable roadblocks to settlement negotiations at this time" and requested that they not be required to participate in

---

[1] The "AIG Defendants" are defined in Docket No. 103 at footnote 5. The "non-AIG Defendants" are all other named defendants in this action. The "Parties" are defined as the Plaintiff and all Defendants in this action.

1

discovery and submission of dispositive motions by the June 1, 2024 deadline. (Dkt. No. 110 at 2). The non-AIG Defendants further stated that if an impasse should develop in the negotiations, they would promptly advise the Court and present those issues for judicial resolution. (*Id.*).

While the Court does not desire to burden the non-AIG Defendants with the demanding schedule being undertaken by Plaintiff and the AIG Defendants if settlement negotiations can produce a resolution of the coverage disputes, there would be substantial logistical problems working up any coverage disputes for judicial disposition by June 1, 2024 if settlement negotiations between Plaintiff and the non-AIG Defendants reached an impasse. To that end, the Court finds it necessary to include all Parties in the discovery and dispositive motion phases of the scheduling order while settlement negotiations are ongoing. If individual non-AIG Defendants reach a negotiated settlement with Plaintiff, their obligations to comply with the scheduling order would end.[2] On the other hand, if settlement negotiations are not successful, the Court will need to be in a position to have any coverage disputes adjudicated in advance of the bellwether trial scheduled for August 2024. Consequently, the scheduling order set forth below is applicable to all Parties.

The Court establishes the following scheduling order for this action:

1.  All Defendants shall file their answers to Plaintiff's amended complaint by **November 3, 2023**.

---

[2] If the non-AIG Defendants are aware of no "insurmountable roadblocks to settlement negotiations," the Court encourages these parties to make their settlement negotiations a priority. An early resolution of any carrier's coverage dispute with Plaintiff would relieve such parties of their discovery and briefing obligations under this Order and further the often forgotten goal of Rule 1 to "secure [a] just, speedy, and inexpensive determination of every action and proceeding." If a negotiated resolution of any coverage disputes cannot be reached, the Court is fully prepared to address and rule upon all unresolved coverage issues in advance of the August 2024 bellwether trial.

2. The Parties shall conduct a discovery conference under Rule 26(f) of the Federal Rules of Civil Procedure by **November 3, 2023** and shall submit to the Court by **November 10, 2023** a proposed confidentiality order and ESI protocol. If the Parties cannot agree to a joint submission of these documents, they shall submit separate proposals to the Court.

3. As per the request of the parties (Dkt. No. 109 at 2), the Court orders that all documents previously produced in *In Re Aqueous Film-Forming Foams Products Liability Litigation*, C.A. No. 2:18-2873 (hereafter referred to as the "MDL"), shall be deemed produced in this action and subject to the Case Management Orders of the MDL unless and until a case management order or ESI protocol is entered in this case. All future productions will also be subject to the MDL Case Management Orders unless and until superseded by orders in this case. The parties reserve the right to challenge the designation of any document, deposition transcript, or expert reports as Confidential, Highly Confidential, or the like.

4. By **November 3, 2023**, the Parties shall meet and confer regarding a proposed Case Management Order and submit to the Court a jointly proposed Case Management Order by **November 10, 2023** if agreement can be reached. If a jointly proposed Case Management Order cannot be agreed to by **November 10, 2023**, the Parties may submit separate proposals to the Court.

5. By **November 10, 2023**, the Parties shall exchange initial disclosures pursuant to Rule 26(a)(1) and initial requests for production pursuant to Rule 34. The parties may submit additional requests for production within the timelines provided by this Order.

6. By **November 14, 2023**, the Parties shall submit a joint report of the Rule 26(f) discovery conference in accord with Local Rule 16.02 (D.S.C.).

7. By **December 1, 2023**, the Parties shall exchange all responses and objections to requests for production. Thereafter, the Parties will have 14 days to respond to subsequent requests for production.

8. By **March 1, 2024**, all fact discovery shall be completed. All responses to discovery and all depositions, except expert depositions, must be noticed so that they may be completed by the **March 1, 2024** deadline.

9. The Parties shall produce documents on a rolling basis. Documents produced in the MDL that are responsive to discovery requests in this action may be produced in this action without seeking leave in the MDL or consent of the producing parties and without need to provide further bate stamp numbers. All such documents shall retain the confidentiality designation and be subject to the confidentiality orders of the MDL.

10. By **November 9, 2023**, Plaintiff shall exert its best efforts to produce in this action all documents that have been produced by plaintiffs in the MDL. After November 9, 2023, Plaintiff shall exert best efforts to produce documents and expert reports produced in the bellwether trials within five days of receipt of such documents.

11. By **December 29, 2023**, document production shall be completed.

12. By **January 19, 2024**, all parties shall exchange privilege logs. The privilege logs shall include the categories of documents set forth in Dkt. No. 109, Paragraph 13.

13. By **March 8, 2024**, the Parties shall exchange expert reports in accord with Rule 26(a)(2). By **March 25, 2023**, responsive expert reports in accord with Rule 26(a)(2) shall be produced. By **April 19, 2024**, all expert discovery, including depositions, shall be completed.

14. By **May 2, 2024**, all dispositive motions and all Daubert motions shall be submitted. By **May 20, 2024**, all responses to these motions shall be submitted. By **June 1, 2024**, all reply briefs shall be submitted.

15. The Court shall be promptly informed of any negotiated settlements that have been reached by the Parties.

16. <u>The June 1, 2024 deadline in this scheduling order will not be extended</u>. The Parties must devote sufficient resources to complete discovery and briefing within the timeline provided herein. If counsel for any of the parties cannot comply with the deadlines due to other professional obligations or other factors, they need to associate other counsel or promptly advise their clients so that alternate counsel may be retained. If counsel experience any difficulty in scheduling depositions or in obtaining timely production of discovery requests, the Court shall be promptly informed and the matter will be immediately addressed.

**AND IT IS SO ORDERED**.

<u>s/Richard Mark Gergel</u>
Richard Mark Gergel
United States District Court

October 30, 2023
Charleston, South Carolina