**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

TYCO FIRE PRODUCTS LP,

                          Plaintiff,

v.

AIU INSURANCE COMPANY, ET AL.,

                          Defendants.

Civil Action No. 2:23-cv-02384-RMG

**TRAVELERS CASUALTY AND SURETY COMPANY F/K/A THE AETNA CASUALTY AND SURETY COMPANY AND THE TRAVELERS INDEMNITY COMPANY'S ANSWER AND AFFIRMATIVE AND/OR AVOIDANCE DEFENSES TO TYCO FIRE PRODUCTS LP'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company and The Travelers Indemnity Company (collectively, "Travelers"), improperly named herein as "Aetna Casualty and Surety Company" and "Travelers Property Casualty Company of America," for its Answer and Affirmative and/or Avoidance Defenses to Plaintiff Tyco Fire Products LP's ("Tyco") Amended Complaint and Demand for Jury Trial ("Complaint"), states as follows:

**NATURE OF THE ACTION – ANSWER**

1.     The allegations in Paragraph 1 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits only that "[t]his is an insurance coverage dispute arising under primary, umbrella, and excess liability insurance policies" that Travelers issued to first named insureds The Ansul Company and Tyco Laboratories, Inc.  Travelers neither

admits nor denies the remaining allegations in Paragraph 1 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

2.     The allegations in Paragraph 2 set forth Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, and upon information and belief, Travelers admits the allegations in Paragraph 2.

3.     The allegations in Paragraph 3 set forth Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, and upon information and belief, Travelers neither admits nor denies the remaining allegations in Paragraph 3 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

4.     The allegations in Paragraph 4 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits only that the Travelers Policies (defined in ¶¶ 51 and 64 herein) are in writing and speak for themselves.  Answering further, Travelers states that to the extent any of the AFFF Suits fail to satisfy the applicable or potentially applicable terms, conditions, exclusions and provisions of the Travelers Policies, there is no coverage (defense or indemnification) under the Travelers Policies for such suits.  Travelers neither admits nor denies the remaining allegations in Paragraph 4 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

5.     The allegations in Paragraph 5 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 5 as written as

to Travelers. Travelers neither admits nor denies the remaining allegations in Paragraph 5 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

6.      The allegations in Paragraph 6 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers. To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 6 as written as to Travelers. Travelers neither admits nor denies the remaining allegations in Paragraph 6 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

7.      The allegations in Paragraph 7 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers. To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits only that "[t]his case involves an actual, justiciable controversy" between Travelers and Tyco. Answering further, Travelers admits that Tyco is seeking the relief identified in Paragraph 7, but denies that Tyco is entitled to such relief from Travelers. Travelers neither admits nor denies the remaining allegations in Paragraph 7 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

8.      The allegations in Paragraph 8 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers. To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits that Tyco is seeking the relief identified in Paragraph 8, but denies that Tyco is entitled to such relief from Travelers. Travelers neither admits nor denies the remaining allegations in Paragraph 8 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

9. The allegations in Paragraph 9 are not directed at Travelers, and therefore no answer from Travelers is required. To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 9 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

10. The allegations in Paragraph 10 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers. To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits that Tyco is seeking the relief identified in Paragraph 10, but denies that Tyco is entitled to such relief from Travelers. Travelers neither admits nor denies the remaining allegations in Paragraph 10 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## THE PARTIES - ANSWER

### *Plaintiff - Answer*

11. The allegations in Paragraph 11 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 11 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### *Defendants - Answer*

12. The allegations in Paragraph 12 are not directed at Travelers, and therefore no answer from Travelers is required. To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 12 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

13.     The allegations in Paragraph 13 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 13 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

14.     The allegations in Paragraph 14 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 14 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

15.     The allegations in Paragraph 15 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 15 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

16.     The allegations in Paragraph 16 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 16 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

17.     The allegations in Paragraph 17 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 17 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

18.     The allegations in Paragraph 18 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither

admits nor denies the allegations in Paragraph 18 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

19.    The allegations in Paragraph 19 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 19 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

20.    The allegations in Paragraph 20 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 20 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

21.    The allegations in Paragraph 21 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, Travelers denies the allegations in Paragraph 21 as written. Answering further, Travelers Casualty and Surety Company is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.  Travelers Casualty and Surety Company is formerly known as The Aetna Casualty and Surety Company.

22.    The allegations in Paragraph 22 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 22 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

23.    The allegations in Paragraph 23 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither

admits nor denies the allegations in Paragraph 23 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

24.    The allegations in Paragraph 24 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 24 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

25.    The allegations in Paragraph 25 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 25 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

26.    The allegations in Paragraph 26 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 26 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

27.    The allegations in Paragraph 27 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 27 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

28.    The allegations in Paragraph 28 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 28 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

29.     The allegations in Paragraph 29 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 29 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

30.     The allegations in Paragraph 30 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 30 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

31.     The allegations in Paragraph 31 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 31 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

32.     The allegations in Paragraph 32 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 32 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

33.     The allegations in Paragraph 33 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 33 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

34.     The allegations in Paragraph 34 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, Travelers denies the allegations in Paragraph 34 as written.  Answering further,

The Travelers Indemnity Company is a corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE – ANSWER

35.     The allegations in Paragraph 35 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers neither admits nor denies the allegations in Paragraph 35 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

36.     The allegations in Paragraph 36 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required. Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 38.

## FACTUAL BACKGROUND - ANSWER

### *The AFFF Suits - Answer*

39.     The allegations in Paragraph 39 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 39 as written as to Travelers.  Travelers neither admits nor denies the remaining allegations in Paragraph 39 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

40.     The allegations in Paragraph 40 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 40 as written as to Travelers.  Travelers neither admits nor denies the remaining allegations in Paragraph 40 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

41.     The allegations in Paragraph 41 set forth Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, and upon information and belief, Travelers admits the allegations in Paragraph 41.

### *The Policies – Answer*

### **The AIU Policies – Answer**

42.     The allegations in Paragraph 42 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 42 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The American Guarantee Policies – Answer

43.    The allegations in Paragraph 43 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 43 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The American Home Policies – Answer

44.    The allegations in Paragraph 44 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 44 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The Great American Policy – Answer

45.    The allegations in Paragraph 45 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 45 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The Ins. Co. of Pennsylvania Policy – Answer

46.    The allegations in Paragraph 46 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 46 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The National Union Policies – Answer

47.    The allegations in Paragraph 47 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither

admits nor denies the allegations in Paragraph 47 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The New Hampshire Policies – Answer

48.     The allegations in Paragraph 48 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 48 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### Starr Indemnity Policy – Answer

49.     The allegations in Paragraph 49 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 49 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The Zurich American Policies – Answer

50.     The allegations in Paragraph 50 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 50 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The Aetna Policies – Answer

51.     The allegations in Paragraph 51 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, Travelers denies the allegations in Paragraph 51 as written.  Answering further, admits only that The Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety

Company issued the following primary general liability insurance policies to first named insured

The Ansul Company (collectively or separately, the "Ansul Primary Policies"):

| Policy Type | Policy Number | Policy Period |
|---|---|---|
| Primary | 08 AL 105033 SR(Y) | 10/1/1969 to 10/1/1970 |
| Primary | 08 AL 107086 SR(Y) | 10/1/1970 to 10/1/1971 |
| Primary | 08 AL 109301 SRA(Y) | 10/1/1971 to 10/1/1972 |
| Primary | 08 AL 115091 SCA | 12/1/1975 to 12/1/1976 |
| Primary | 08 AL 115111 SCA | 12/1/1976 to 10/1/1977 |
| Primary | 08 AL 115159 SCA | 10/1/1977 to 10/1/1978 |
| Primary | 08 GL 2927 SCA | 10/1/1978 to 10/1/1979 |

Answering further, Travelers also admits only that The Aetna Casualty and Surety Company n/k/a

Travelers Casualty and Surety Company issued the following excess general liability insurance

policies to first named insured The Ansul Company and first named insured Tyco Laboratories,

Inc., respectively (collectively or separately, and in conjunction with the excess policies identified

in ¶ 64 herein, the "Ansul & Tyco Excess Policies"):

| Policy Type | Policy Number | Policy Period |
|---|---|---|
| Ansul Excess | 08 XN 141 WCA | 10/1/1978 to 12/1/1979 |
| Tyco Excess | 06 XN 1595 SCA | 06/1/1990 to 06/1/1991 |

Travelers denies that it issued "06 YN 139SCA" for the policy period 06/01/1990-06/01/1991.

Finally, Travelers neither admits nor denies the remaining allegations in Paragraph 51 for the

reason that it lacks sufficient information or knowledge to form a belief as to their truth.

### The Affiliated FM Policies – Answer

52.    The allegations in Paragraph 52 are not directed at Travelers, and therefore no

answer from Travelers is required.  To the extent that an answer is required, Travelers neither

admits nor denies the allegations in Paragraph 52 for the reason that it lacks sufficient information

or knowledge to form a belief as to their truth.

**The Allianz Policies – Answer**

53.     The allegations in Paragraph 53 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 53 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The Allstate Policies – Answer**

54.     The allegations in Paragraph 54 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 54 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The American Zurich Policy – Answer**

55.     The allegations in Paragraph 55 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 55 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The General Security Policies – Answer**

56.     The allegations in Paragraph 56 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 56 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The Granite State Policies – Answer**

57.     The allegations in Paragraph 57 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither

admits nor denies the allegations in Paragraph 57 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## The Great American Spirit Policies – Answer

58.     The allegations in Paragraph 58 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 58 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## The Hamilton Insurance Policy – Answer

59.     The allegations in Paragraph 59 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 59 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## The Liberty Mutual Europe Policy – Answer

60.     The allegations in Paragraph 60 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 60 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## The Liberty Surplus Policy – Answer

61.     The allegations in Paragraph 61 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 61 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The Ohio Casualty Policies – Answer**

62.    The allegations in Paragraph 62 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 62 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The TIG Insurance Policy – Answer**

63.    The allegations in Paragraph 63 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 63 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

**The Travelers Property Casualty Policies – Answer**

64.    The allegations in Paragraph 64 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  To the extent that an answer is required, Travelers denies the allegations in Paragraph 64 as written.  Answering further, Travelers admits only that The Travelers Indemnity Company issued the following excess general liability insurance policies to first named insured Tyco Laboratories, Inc. (collectively or separately, and in conjunction with the excess policies identified in ¶ 51 herein, the "Ansul & Tyco Excess Policies"):

| Policy Type | Policy Number | Policy Period |
|---|---|---|
| Tyco Excess | 7FSJEX-218T089-9-91 | 6/1/1991 to 6/1/1992 |
| Tyco Excess | 7FSJEX-218T089-9-92 | 6/1/1992 to 7/1/1993 |
| Tyco Excess | 7FSJEX-218T089-9-93 | 7/1/1993 to 7/1/1994 |

The Ansul Primary Policies and the Ansul & Tyco Excess Policies are referred to herein collectively as the "Travelers Policies."

16

Travelers neither admits nor denies the remaining allegations in Paragraph 64 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

<div align="center">

**CAUSES OF ACTION – ANSWER**

**COUNT I - ANSWER**
**(Breach of Contract – Certain AIG Insurers)**

</div>

65.     Travelers restates and incorporates its responses to paragraphs 1-64 as if fully set forth herein.

66.     The allegations in Paragraph 66 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 66 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

67.     The allegations in Paragraph 67 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 67 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

68.     The allegations in Paragraph 68 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 68 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

69.     The allegations in Paragraph 69 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 69 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

70.    The allegations in Paragraph 70 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 70 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

71.    The allegations in Paragraph 71 are not directed at Travelers, and therefore no answer from Travelers is required.  To the extent that an answer is required, Travelers neither admits nor denies the allegations in Paragraph 71 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

## COUNT II - ANSWER
### (Declaratory Judgment – All Defendants)

72.    Travelers restates and incorporates its responses to paragraphs 1-71 as if fully set forth herein.

73.    The allegations in Paragraph 73 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits only that there is an "actual and justiciable controversy" between Tyco and Travelers regarding the alleged obligations of Travelers under the Travelers Policies with respect to the AFFF Suits, and denies all other allegations in Paragraph 73 as to Travelers.  As to the allegations not directed at Travelers, Travelers neither admits nor denies the allegations for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

74.    The allegations in Paragraph 74, and each of its subparagraphs, set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the

18

allegations are directed at Travelers and an answer is required, Travelers admits only that Tyco is seeking the relief identified in Paragraph 74, but denies that Tyco is entitled to such relief from Travelers. As to the allegations not directed at Travelers, Travelers neither admits nor denies the allegations in Paragraph 74 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

75.     The allegations in Paragraph 75 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits only that there is an "actual and justiciable controvers[y]" between Tyco and Travelers regarding the alleged obligations of Travelers under the Travelers Policies.  Travelers neither admits nor denies the remaining allegations in Paragraph 75 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

76.     The allegations in Paragraph 76 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers denies the allegations in Paragraph 76 as written.

### COUNT III - ANSWER
**(Declaratory Judgment and Other Relief – All Defendants)**

77.     Travelers restates and incorporates its responses to paragraphs 1-76 as if fully set forth herein.

78.     The allegations in Paragraph 78 set forth legal conclusions, legal discussion, and Plaintiff's characterization of this action, to which no answer is required.  Further, certain allegations may not be directed at Travelers.  To the extent that the allegations are directed at Travelers and an answer is required, Travelers admits only that Tyco is seeking the relief identified

in Paragraph 78, but denies that Tyco is entitled to such relief from Travelers. As to the allegations

not directed at Travelers, Travelers neither admits nor denies the allegations in Paragraph 78 for

the reason that it lacks sufficient information or knowledge to form a belief as to their truth.

79.    The allegations in Paragraph 79 set forth legal conclusions, legal discussion, and

Plaintiff's characterization of this action, to which no answer is required.    Further, certain

allegations may not be directed at Travelers.    To the extent that the allegations are directed at

Travelers and an answer is required, Travelers denies the allegations in Paragraph 79 as written.

**WHEREFORE**, Travelers denies that Plaintiff is entitled to the relief it requests in

Plaintiff's Amended Complaint and respectfully requests that this Court:

    a)    Dismiss Plaintiff's Amended Complaint with prejudice;

    b)    Award Travelers its costs, interest, attorney fees, and expenses incurred in

        defending this action; and

    c)    Award any and all other relief that this Court may deem just and proper.

Respectfully submitted,

By: *s/ Steven J. Pugh*
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
Steven J. Pugh (Fed. ID No. 7033)
spugh@richardsonplowden.com
Benjamin P. Carlton (Fed. ID No. 11797)
bcarlton@richardsonplowden.com

and

PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
(248) 901-4000
Charles W. Browning (*Pro Hac to be filed*)
cbrowning@plunkettcooney.com
Lauren B. McMillen (*Pro Hac to be filed*)
lmcmillen@plunkettcooney.com
Nicole C. Ruggirello (*Pro Hac to be filed*)
nruggirello@plunkettcooney.com

*Attorneys for Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company and The Travelers Indemnity Company (collectively, "Travelers"), improperly named herein as "Aetna Casualty and Surety Company" and "Travelers Property Casualty Company of America"*

October 31, 2023

## REQUEST FOR JURY TRIAL

Defendants, Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company and The Travelers Indemnity Company (collectively, "Travelers"), improperly named herein as "Aetna Casualty and Surety Company" and "Travelers Property Casualty Company of America," by counsel, hereby requests trial by jury of all issues in this matter.

Respectfully submitted,

By: *s/ Steven J. Pugh*
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4444
Steven J. Pugh (Fed. ID No. 7033)
spugh@richardsonplowden.com
Benjamin P. Carlton (Fed. ID No. 11797)
bcarlton@richardsonplowden.com

and

PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
(248) 901-4000
Charles W. Browning (*Pro Hac to be filed*)
cbrowning@plunkettcooney.com
Lauren B. McMillen (*Pro Hac to be filed*)
lmcmillen@plunkettcooney.com
Nicole C. Ruggirello (*Pro Hac to be filed*)
nruggirello@plunkettcooney.com

*Attorneys for Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company and The Travelers Indemnity Company (collectively, "Travelers"), improperly named herein as "Aetna Casualty and Surety Company" and "Travelers Property Casualty Company of America"*

October 31, 2023

## <u>AFFIRMATIVE AND/OR AVOIDANCE DEFENSES</u>

Defendants, Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company and The Travelers Indemnity Company (collectively, "Travelers"), improperly named herein as "Aetna Casualty and Surety Company" and "Travelers Property Casualty Company of America," have undertaken in good faith to list all of the affirmative and/or avoidance defenses that it may have in response to Plaintiff Tyco Fire Products LP's ("Tyco") Amended Complaint and Demand for Jury Trial ("Amended Complaint"), with respect Tyco's claim for coverage for the AFFF Suits (defined in ¶ 3 of Tyco's Amended Complaint) under the Ansul Primary Policies (defined in ¶ 51 of Travelers' Answer to Tyco's Amended Complaint), the Ansul & Tyco Excess Policies (defined in ¶¶ 51 and 64 of Travelers' Answer to Tyco's Amended Complaint), and applicable law.  Travelers incorporates by reference in their entirety all of the terms, conditions, exclusions, endorsements, and limits of liability of the Ansul Primary Policies and the Ansul & Tyco Excess Policies (collectively referred to herein as the "Travelers Policies") as if they were set forth herein.   Travelers reserves the right to amend, supplement, reevaluate, restate and/or delete defenses and/or to assert additional defenses based upon its continuing analysis and investigation of the AFFF Suits and as discovery progresses in this action.  By characterizing the following as defenses, Travelers does not admit that it bears the burden of proof on any of the issues raised.

Subject to and without waiving the foregoing limitations and reservations, Travelers identifies the following affirmative and/or avoidance defenses upon which it may rely during the pre-trial phase of this action or at the time of trial:

23

1.    To the extent that Tyco has failed to prove the existence, terms, conditions, definitions, provisions, and endorsements of the Travelers Policies with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

2.    To the extent that any of the AFFF Suits include claims against entities that do not qualify as named insureds, additional insureds, or otherwise qualify as insureds under the Travelers Policies, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

3.    To the extent that Tyco cannot meet its burden of proving the existence of all elements of the "Insuring Agreements" in the Travelers Policies with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

4.    To the extent that any of the AFFF Suits are not complaints filed in a court of law against Tyco, and therefore, do not qualify as a "suit" under the Travelers Policies or applicable law, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

5.    To the extent that any of the AFFF Suits do not meet the definition of "occurrence," as that term is defined and/or used in the Travelers Policies, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

6.    To the extent that any of the AFFF Suits do not meet the definition of "bodily injury," as that term is defined and/or used in the Travelers Policies, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

7.    To the extent that any of the AFFF Suits request relief in the form of medical monitoring or loss of consortium, that requested relief does not meet the definition of "bodily injury" as that term is defined and/or used in the Travelers Policies, and thus, there is no insurance coverage under the Travelers Policies for such claims or requested relief.

8.    To the extent that any of the AFFF Suits do not meet the definition of "property

damage," as that term is defined and/or used in the Travelers Policies, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

9.      To the extent that any of the AFFF Suits do not result from "bodily injury" or "property damage" that occurred *during* one or more of the policy periods of the Travelers Policies, there is no insurance coverage under those policies for such AFFF Suits.

10.      To the extent that Tyco did not begin to distribute its aqueous film-forming foam products, which allegedly contained toxic chemicals perfluorooctane sulfonate, perfluorooctanoic acid, and/or their chemical precursors, and other per- and poly-fluoroalkyl substances, until after the expiration of one or more of the Travelers Policies, it is impossible for "bodily injury" or "property damage" to have occurred *during* those policy periods such that there is no insurance coverage  under those policies for such AFFF Suits.

11.      To the extent that any of the AFFF Suits do not seek sums that constitute damages that Tyco is legally obligated to pay, or otherwise seeks declaratory, injunctive, restitutionary or other equitable relief, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

12.      To the extent that the pollution exclusions in the Travelers Policies apply to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

13.      To the extent that any of the AFFF Suits allege liability assumed by Tyco under any contract or agreement except an incidental contract, as those terms are defined and/or used in the Travelers Policies, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

14.      Tyco's Amended Complaint is barred to the extent that any applicable statutes of limitation, doctrine of laches, or any applicable time limitation in the Travelers Policies applies.

15. To the extent that Tyco knew or should have known prior to the issuance of any of the Travelers Policies that an accident, occurrence or event giving rise to the AFFF Suits had taken place, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

16. To the extent that Tyco failed to provide timely written notice of an occurrence to Travelers as soon as practicable with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

17. To the extent that Tyco failed to immediately forward to Travelers every demand, notice, summons or other process with respect to a clam made or suit brought against Tyco with respect to any of the AFFF Suits, there is no insurance coverage (defense or indemnification) under the Travelers Policies for such AFFF Suits.

18. To the extent that Tyco failed to cooperate with Travelers with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

19. To the extent that any purported assignment of the Travelers Policies was made without the consent of Travelers with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

20. To the extent that Tyco voluntarily made any payment, assumed any obligation or incurred any expense with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such payments, obligations or expenses.

21. To the extent that costs and/or expenses (including any alleged defense costs) incurred with respect to any of the AFFF Suits are not reasonable and necessary under the Travelers Policies and applicable law, there is no insurance coverage under the Travelers Policies for such costs and/or expenses.

22.    To the extent that any of the AFFF Suits seek to hold Tyco liable for sums assessed as punitive damages, exemplary damages, fines or penalties, there is no insurance coverage under the Travelers Policies for such damages, fines or penalties.

23.    To the extent that Tyco has other insurance applicable to the AFFF Suits, insurance coverage under the Travelers Policies may be limited or precluded pursuant to the "other insurance" provisions in the Travelers Policies.

24.    To the extent that Tyco negligently or intentionally failed to represent or disclose to Travelers or concealed or misrepresented to Travelers facts which were material and known by Tyco in order to induce Travelers to issue one or more of the Travelers Policies, or to assume certain risks in such policies, there is no insurance coverage under the Travelers Policies for the AFFF suits.

25.    Tyco must satisfy the deductibles in Ansul Primary Policies Nos. 08 AL 115091 SCA, 08 AL 15111 SCA, 08 AL 115159 SCA and 08 GL 2927 SCA for any past or future defense or indemnification payments made by Travelers under those policies and reimburse to Travelers all deductible amounts due.

26.    The applicable limit of liability for damages because of "bodily injury" in the Ansul Primary Policy No. 08 GL 2927 SCA in effect from October 1, 1978 to October 1, 1979 is exhausted by prior payment, and Travelers has no duty to defend and indemnify Tyco under that Ansul Primary Policy to the extent any AFFF Suit is seeking damages because of "bodily injury."

27.    Ansul Primary Policy Nos. 08 GL 2927 SCA and 08 AL 115180 SRA, each with the effective date October 1, 1978 to October 1, 1979, apply to losses in different states and are exclusive of each other, but pursuant to their terms are deemed to be one policy with a single aggregate limit for liability for any particular coverage.

28.    For purposes of determining the limits of liability, if any, under the Travelers Policies, all "bodily injury" and/or "property damage" arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence or event.

29.    Travelers has no duty to defend Tyco under the Ansul & Tyco Excess Policies, as those policies do not contain a duty to defend.

30.    There is no insurance coverage under the Ansul & Tyco Excess Policies to the extent the AFFF Suits are not covered by any controlling underlying insurance.

31.    To the extent that any non-cumulation of liability clause in a Travelers Policy, or one in which a Travelers Policy follows form, applies with respect to any of the AFFF Suits, insurance coverage under the Travelers Policies may be limited or precluded with respect to such AFFF Suits.

32.    To the extent that Travelers has, or might in the future, pay more for Tyco's defense of certain AFFF Suits than its percentage share as compared to all policies triggered (including those issued by Travelers and other insurers), and Tyco has obtained payment of defense fees and costs from another insurer, by settlement or otherwise, then Tyco has been unjustly enriched, as it is not entitled to a double recovery and Travelers is entitled to set-off and/or reimbursement from Tyco.

33.    To the extent that any payments are made by Travelers under the Travelers Policies for any of the AFFF Suits, Travelers is entitled to allocate such payments in an appropriate manner, including, but not limited to, allocation to Tyco, other insurers, or other insurance policies.

34.    To the extent that any payments are made by Travelers under the Travelers Policies for any of the AFFF Suits, such payments are subject to the remaining applicable limits of liability,

premium payment agreements, including retrospective premium endorsements, and deductibles contained in, or that are otherwise applicable to, the Travelers Policies.

35.    Travelers is entitled to withdraw from the defense of any of the AFFF Suits and seek reimbursement of all defense costs incurred to the extent it is determined that Travelers had no duty to defend Tyco in such AFFF Suits.

36.    To the extent that any of the AFFF Suits fail to meet any of the other applicable or potentially applicable terms, conditions, exclusions and provisions of the Travelers Policies, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

37.    Tyco's Amended Complaint fails to state facts sufficient to constitute a cause of action against Travelers.

38.    Tyco's Amended Complaint fails to state a claim upon which relief can be granted against Travelers.

39.    Tyco's Amended Complaint may be barred, in whole or in part, as there is no personal jurisdiction over Travelers in this Court.

40.    Tyco's Amended Complaint may be barred, in whole or in part, as Tyco lacks standing under South Carolina's door-closing statute.

41.    Tyco's Amended Complaint may be barred, in whole or in part, as venue is improper and there is a more convenient venue pursuant to the doctrine of *forum non conveniens*.

42.    Tyco's Amended Complaint may be barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

43.    Tyco's Amended Complaint may be barred, in whole or in part, as it is second-filed and/or less comprehensive than the pending Wisconsin actions, styled: *Century Indemnity Co., et al. v. Tyco Fire Products LP, et al.*, No. 2022-CV-000283, and *Travelers Casualty and Surety*

*Company, f/k/a The Aetna Casualty and Surety Company, et al. v. Tyco Fire Products LP, f/k/a Ansul, LLC, f/k/a Ansul Incorporated, et al*., No. 2023-CV-000190, which are both pending in Marinette County Circuit Court, Wisconsin (collectively referred to herein as "Wisconsin Action").

44.    Tyco's Amended Complaint may be barred, in whole or in part, as it seeks inconsistent judgments and rulings regarding the same dispute at issue in the Wisconsin Action.

45.    Tyco's Amended Complaint may be barred, in whole or in part, as it fails to include all claims, causes of action and/or disputes between Travelers and Tyco such that complete relief cannot be obtained.

46.    Tyco's Amended Complaint may be barred, in whole or in part, as it fails to include all insurers and Tyco-related entities such that complete relief cannot be obtained.

47.    Tyco's Amended Complaint may be barred, in whole or in part, as it fails to include all relevant and/or potentially applicable insurance policies such that complete relief cannot be obtained.

48.    To the extent that Tyco intentionally, knowingly, and/or voluntarily relinquished and waived its rights under the Travelers Policies with respect to any of the AFFF Suits, there is no insurance coverage under the Travelers Policies for such AFFF Suits.

49.    Tyco's Amended Complaint may be barred, in whole or in part, as complete relief cannot be obtained in this Court.

50.    Tyco's Amended Complaint may be barred, in whole or in part, by release and/or satisfaction and by the applicability of the September 17, 2004 Confidential Settlement and Release Agreement resulting from the action styled: *Ansul, Inc. and Tyco International (US) Inc. v. Hartford Accident Indemnity Company, et al.,* Case No. 04-CV-000285, Marinette County,

Wisconsin.

51.    Tyco's Amended Complaint may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

52.    Tyco's Amended Complaint may be barred, in whole or in part, by Tyco's failure to mitigate damages.

53.    Travelers adopts by reference in its entirety the defenses and positions that Travelers has taken in the Wisconsin Action.

54.    Travelers reserves the right to add such other avoidance and/or affirmative defenses as shall become apparent through discovery or otherwise.

<div style="margin-left: 40%;">

Respectfully submitted,

By: *s/ Steven J. Pugh*
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400
Steven J. Pugh (Fed. ID No. 7033)
spugh@richardsonplowden.com
Benjamin P. Carlton (Fed. ID No. 11797)
bcarlton@richardsonplowden.com

and

PLUNKETT COONEY
38505 Woodward Avenue, Suite 100
Bloomfield Hills, Michigan 48304
(248) 901-4000
Charles W. Browning (*Pro Hac Vice*)
cbrowning@plunkettcooney.com
Lauren B. McMillen (*Pro Hac Vice*)
lmcmillen@plunkettcooney.com
Nicole C. Ruggirello (*Pro Hac Vice*)
nruggirello@plunkettcooney.com

</div>

October 31, 2023