UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCT LIABILITY LITIGATION<br><br>TYCO FIRE PRODUCTS LP,<br><br>*Plaintiff,*<br><br>v.<br><br>AIU INSURANCE COMPANY, *et al.*<br><br>*Defendants.* | MDL<br><br>Civil Action No. 2:23-cv-02384-RMG |

### AFM'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION TO CERTIFY AN INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND STAY PROCEEDINGS AND JOINDER IN THE MOTION FILED BY PARTIAL AIG INSURERS[1]

Defendant Affiliated FM Insurance Company ("AFM"), by and through its undersigned counsel, joins the Partial AIG Insurers' Motion for Reconsideration or, in the Alternative, Certify an Interlocutory Appeal (ECF No. 154), and respectfully moves this Court, pursuant to Fed R. Civ. P. 54(b), to reconsider its October 17, 2023 Order denying its Motion to Dismiss the Amended Complaint (ECF No.103) (the "Order") or, in the alternative, certify the Order for interlocutory appellate review under 28 U.S.C. § 1292(b) and stay the District Court proceedings in this matter.

AFM joins the Partial AIG Insurers' motion, moving for reconsideration on the following grounds: (1) the Court erred in failing to apply South Carolina's door closing statute to bar Plaintiff's Claims; (2) the Court erred in finding AFM is subject to personal jurisdiction in South

---

[1] Defendants AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburg, Pa., and New Hampshire Company are collectively referred to as "Partial AIG Insurers." (ECF No. 47, 47-1).

Carolina; (3) the Court abused its discretion in declining to abstain from exercising jurisdiction in this matter in light of first-filed Wisconsin Action; and (4) the Court erred in entering a case management order that deprives AFM of its due process rights. Courts hold that reconsideration under Rule 54 is appropriate: (i) "to accommodate an intervening change in controlling law; (ii) to account for new evidence not available at trial; or (iii) to correct a clear error of law or prevent manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). AFM hereby joins in, incorporates, and adopts as if fully set forth herein, AIG's arguments for reconsideration on the four grounds discussed above.

Furthermore, the Court's specific jurisdiction ruling is also erroneous with respect to AFM because, as AFM explained in its motion to dismiss, the AFM policy provides a duty to indemnify, but not a duty to defend. (ECF No.103-1, at 4). Insurers do not make "purposeful contact" within a jurisdiction by simply promising to indemnify an insured. *See Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 884 (7th Cir. 2019). The cases cited in the Court's Order address policies that, unlike the AFM Policy, required an insurer to <u>defend</u> claims in the jurisdiction. The Court should therefore reconsider its ruling that AFM is subject to the jurisdiction of this Court on the basis of indemnity-only coverage.

AFM further joins the Partial AIG Insurers' motion, in the alternative, for this Court to certify the Order for interlocutory review pursuant to 28 U.S.C. § 1292(b). A district court may certify an order for interlocutory appellate review under 28 U.S.C. § 1292(b) if the following three requirements are met: (1) the issue to be certified involves a "controlling question of law," (2) there is "substantial ground for difference of opinion" on the issue, and (3) it is likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011). In the interests of judicial

economy, AFM hereby joins in, incorporates, and adopts the Partial AIG Insurers' Motion to Certify an Interlocutory Appeal and to Stay Proceedings, as if fully set forth herein, with the exception of fact-specific arguments that apply to those Defendants.

For the foregoing reasons discussed herein and incorporated by reference from the motion of the Partial AIG Insurers (ECF No. 154), AFM respectfully requests that this Court reconsider its Order or, in the alternative, certify for interlocutory appeal the three controlling questions of law addressed in the Partial AIG Insurers' motion and, if certified, stay this matter pending that appeal.

Respectfully Submitted,

Dated: November 10, 2023

/s/ *Beau L. Inabinet Jr.*
R. Patrick Bedell (*pro hac vice*)
I. Jordan Lowe  (*pro hac vice*)
Samuel J. Head (*pro hac vice*)
BatesCarey LLP
191 North Wacker, Suite 2400
Chicago, Illinois 60606
rbedell@batescarey.com
ilowe@batescarey.com
shead@batescarey.com
(312) 762-3100

George L. Inabinet, Jr. (Federal Bar No. 7598)
Chandler D. Rowh (Federal Bar No. 13132)
Maron Marvel Bradley Anderson & Tardy LLC
259 Seven Farms Drive, Suite 300
Daniel Island, South Carolina 29492
BI@maronmarvel.com
(843) 727-0003

*Counsel for Affiliated FM Insurance Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 10, 2023, by filing through CM / ECF system, which automatically send filings to all counsel of record, AFM has served on all counsel of record via electronic mail.

Date: November 10, 2023        By: /s/ *Beau L. Inabinet Jr.*
                                          Attorney for Affiliated FM