**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Allan B. Moore

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5575
abmoore@cov.com

**By ECF**                                                                                                November 10, 2023

The Honorable Richard M. Gergel
United States District Court
for the District of South Carolina
P.O. Box 835
Charleston, South Carolina 29402

   **Re:  *Tyco Fire Products LP v. AIU Ins. Co., et al.*, No. 2:23-cv-02384 (D.S.C.)**

Dear Judge Gergel:

  We write on behalf of Tyco Fire Products LP ("Tyco") pursuant to the Court's Scheduling Order dated October 30, 2023 (ECF 111). As set forth in Paragraph 4 of the Scheduling Order, Tyco submits the Proposed Discovery Case Management Order No. 1 ("Case Management Order") enclosed as **Exhibit 1** to this letter. Tyco understands that Insurer Defendants are submitting a separate proposed order.

  Tyco originally drafted the enclosed Case Management Order as a joint document, which sets forth in non-italicized text the areas where Tyco understands the parties are in agreement about case management items, and sets forth in italicized text the areas where Tyco understands the parties wish to present differing proposals for the Court's consideration. Late this afternoon, however, the Insurer Defendants sought for the first time to add significant sections of argument to the document. Tyco does not agree with those arguments, and did not believe it helpful or appropriate to embed pages of argument in a joint proposed Case Management Order. Tyco thus submits the original version of the document, and briefly sets forth its own views here.

  The differences between the parties' positions are evident from the text of their respective proposals. The main point of departure between Tyco and the Insurer Defendants appears to be as follows: Tyco submits that it is necessary and appropriate in this action to (1) impose reasonable limits on the volume of written discovery, and the number and scope of fact witness and 30(b)(6) depositions, (2) avoid duplicative discovery, and (3) require Insurer Defendants to coordinate in taking discovery, so as to make the best and most efficient use of resources under the expedited fact discovery schedule in this action and in recognition of the fact that the Insurer Defendants share an interest on many issues in this action.

  In the absence of reasonable constraints, Insurer Defendants threaten to serve hundreds of disparate, duplicative, and unnecessary demands that will hinder, rather than facilitate, an efficient discovery process. For example, under Insurer Defendants' proposal, Insurer Defendants could (1) serve 575 interrogatories on Tyco (25 from each of the 23 insurer defendants); (2) take an *unlimited* number of fact depositions (each spanning a marathon time of 10 hours in length, and many of which would duplicate the depositions already taken in the MDL); and (3) subject Tyco to a 40-hour collective 30(b)(6) deposition *plus* 23 separate

**COVINGTON**

The Honorable Richard M. Gergel
November 10, 2023
Page 2

30(b)(6) depositions of 7 hours by each of the 23 individual Insurer Defendants—yielding the prospect of 201 hours in time on the record for the 30(b)(6) depositions of Tyco alone.

Nor is there merit to Insurer Defendants' suggestion that Tyco's proposals are unfair or one-sided, insofar as they would give Tyco numerically more depositions than Insurer Defendants. There are 12 groups of insurers aligned against Tyco in this action, each of which possess relevant information across distinct organizations, claims handlers, and underwriters, and from whom Tyco must separately seek discovery. By contrast, Insurer Defendants are broadly aligned in their efforts to defeat Tyco's insurance coverage claim, and they have not identified any significant area where any one Insurer Defendant expects to need discovery that does not overlap with discovery sought by all of the Insurer Defendants collectively. *See, e.g.*, *Joint Status Report*, ECF 110 at 2 (Oct. 27, 2023) (statement of the Non-AIG Defendants identifying no distinct issues). Indeed, the depositions that Insurer Defendants appear to wish to take in this action largely would duplicate the depositions that already have occurred in the MDL, for which Insurer Defendants have or will receive deposition transcripts. Tyco's proposals reasonably account for these fundamental differences between the sides, while still affording Insurer Defendants more than sufficient opportunities for discovery.

Tyco appreciates the Court's attention to this matter.

Respectfully,

Allan B. Moore

Cc:   All Counsel of Record (by ECF)