UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TYCO FIRE PRODUCTS LP,<br><br>*Plaintiff*,<br><br>v.<br><br>AIU INSURANCE COMPANY, *et al.*<br><br>*Defendants*. | Civil Action No. 2:23-cv-02384-RMG<br><br><br>Hon. Richard M. Gergel |

**INSURER DEFENDANTS' [PROPOSED] DISCOVERY CASE MANAGEMENT ORDER NO. 1**

Pursuant to the Court's Scheduling Order dated October 30, 2023 (ECF 111), the Insurer Defendants[1] respectfully submit this Proposed Discovery Case Management Order No. 1. The Insurer Defendants conferred with Plaintiff Tyco Fire Products LP ("Tyco"), but were unable to reach an agreement on certain items. As a result, this document indicates where Tyco and the Insurer Defendants were unable to reach an agreement – and, for those items, includes Tyco's position, as well as the Insurer Defendants' response in italics below.

1. **Scope and Application.** This Case Management Order applies to discovery proceedings in this action as contemplated by the Court's Scheduling Order (ECF 111), and supplements that Scheduling Order.

2. **Service of Discovery.** All discovery, including written discovery requests, responses to written discovery requests, and deposition notices, may be served by email on counsel for a Party at the counsel's email address registered on ECF.

3. **Limits on Written Discovery.**

   *Insurer Defendants' Proposal: Other than discovery that must under the Scheduling Order be served by November 10, 2023, Insurer Defendants shall, to*

---

[1] The Insurer Defendants are each listed and identified by Insurer Group in **Appendix A**.

*the extent practicable, coordinate in serving omnibus written discovery on Tyco, without prejudice to any Insurer Defendant serving written discovery on Tyco not covered by any omnibus requests. With respect to omnibus requests, any Defendant may move to compel discovery at any time.*

<p style="text-align:center;"><u>*For comparison, Tyco's Proposal is:*</u></p>

*a)     Other than discovery that must be served by November 10, 2023, under the Scheduling Order, Tyco and Insurer Defendants shall each use best efforts to serve omnibus written discovery requests so as to avoid needless duplication of discovery requests and undue burden.*

*b)     Insurer Defendants may jointly serve up to 40 omnibus Requests for Production on Tyco, and up to 40 omnibus Interrogatories on Tyco. Additionally, each Insurer Group (as set forth in* **Appendix A***) may serve up to 10 additional Requests for Production on Tyco, and up to 10 additional Interrogatories on Tyco. Each Insurer Group may determine how it wishes to divide its additional Requests for Production and additional Interrogatories among the Insurer Defendants that make up the Insurer Group.*

*c)     Tyco may serve up to 40 omnibus Requests for Production on Insurer Defendants jointly, and up to 40 omnibus Interrogatories on Insurer Defendants jointly, to which each Insurer Defendant shall respond for itself. Additionally, Tyco may serve up to 10 additional Requests for Production on each Insurer Group, and up to 10 additional Interrogatories on each Insurer Group. Tyco may determine how it wishes to divide its additional requests for Production and additional Interrogatories among the Insurer Defendants that make up each Insurer Group.*

*d)     With respect to Insurer Defendants' omnibus written discovery requests, one or more Insurer Defendants may move to compel discovery provided that they do so as part of an omnibus motion to compel joined by any other Insurer Defendant wishing to join. An Insurer Defendant or a group of Insurer Defendants wishing to move to compel may do so even if the Insurer Defendant which nominally served the omnibus request at issue declines to join the motion or is no longer a Party to the case (such as by reason of dismissal or settlement).*

**STATEMENT BY INSURER DEFENDANTS REGARDING TYCO'S PROPOSAL:**

This Court's operative Case Management Order (Dkt. 111), imposes a November 10, 2023 deadline for the parties to serve requests for production, and does not order the parties to submit omnibus requests. Nothing in this Order prevents Tyco from seeking relief as to any individual Request(s) that they deem objectionable.

4. **Privilege Logs.**

(a) With respect to Tyco's productions of documents that have already been produced in the multidistrict litigation captioned *In Re: Aqueous Film-Forming Foams Products Liability Litigation*, Master Docket No.: 2:18-mn-2873 (D.S.C.) ("MDL Lawsuit"), Tyco shall produce the privilege logs that were produced for those documents in the MDL Lawsuit.

(b) For the document productions that occur in this action that are not productions of MDL Lawsuit documents, the producing Party may provide a categorical privilege log under which the Party identifies categories of privileged information and discloses information that will enable other parties to assess the claim of privilege, such as information about the number of documents or communications withheld that fall within that category, the date range of the withheld documents or communications falling within that category, and the bases upon which documents and communications falling within that category have been withheld. Any Party receiving a categorical privilege log may seek additional information with respect to any particular document.

(c) The Court orders that Paragraph 12 of the Scheduling Order, which provides that "privilege logs shall include the categories of documents set forth in Dkt. No. 109, Paragraph 13," is hereby corrected to state that "privilege logs shall <u>not</u> include the categories of documents set forth in Dkt. No. 109, Paragraph 13."

5. **Format and Timing of Depositions.**

(a) No later than December 15, 2023, the parties shall meet and confer regarding depositions of fact witnesses and Rule 30(b)(6) designees they intend to take, and within the following 21 days, they shall exert best efforts to determine witness and designee availabilities, the schedule for such depositions, and the format and location for such depositions.

(b) Any Party receiving a Rule 30(b)(6) deposition notice shall have at least 28 days to prepare the designee to testify; accordingly, Rule 30(b)(6) depositions shall be agreed or noticed no later than February 1, 2024.

(c) Any Party receiving a fact deposition notice other than a Rule 30(b)(6) deposition notice shall have at least 21 days to prepare the witness to testify; accordingly, fact depositions shall be agreed or noticed no later than February 8, 2024.

(d) The Party that is taking a deposition may choose to take the deposition remotely or travel to a home or business location convenient for and specified by the witness.

(e) Each Party shall have the right to participate in any deposition by asking questions in any deposition noticed by any other Party.

(f) To the extent that more than one Insurer Defendant wishes to ask questions at a deposition, Insurer Defendants shall coordinate with each other in advance of the deposition and divide up the time they intend to use to fit within the maximum allotted time.

6. **Number of Depositions.**

> *Insurer Defendants' Proposal*: The presumptive 10 deposition limit set forth in the Federal Rules shall not apply to this case. No Party shall need to seek leave of court to take depositions in excess of ten depositions. Notwithstanding the above, each Party retains the right to seek a protective order with respect to any deposition if such deposition would be unduly burdensome or for any other reason.

*For comparison, Tyco's Proposal is:*

a) *Tyco may take a Rule 30(b)(6) deposition of each separate Insurer Group, with each such Rule 30(b)(6) deposition not to exceed 15 topics. Additionally, Tyco may take up to 4 additional fact witness depositions of each separate Insurer Group (inclusive of former employees).*

b) *Insurer Defendants together may take a Rule 30(b)(6) deposition of Tyco, with such Rule 30(b)(6) deposition not to exceed 25 topics allocated among the Insurer Defendants as they may agree. Insurer Defendants together may take up to 15 additional fact witness depositions of Tyco (inclusive of former Tyco employees).*

c) *Insurer Defendants shall use best efforts to avoid duplicating depositions that have already occurred in the MDL Lawsuit or overburdening witnesses in the MDL Lawsuit, and shall seek to tailor depositions to the needs of the insurance coverage case.*

d) *Any Party receiving a Rule 30(b)(6) deposition notice may designate any number of witnesses to testify, but the designation of a Rule 30(b)(6) witness does not count against the allotted number of fact witness depositions for each side.*

**STATEMENT BY INSURER DEFENDANTS REGARDING TYCO'S PROPOSAL:**

**Fact Witnesses**. Tyco's proposal limits the insurer defendants to a combined *15* fact witness depositions, whereas Tyco would be able to take 4 fact witness depositions of 12 insurer groups, for a total of *48* depositions, even though Tyco is in possession of all the facts.

In addition to Tyco's lopsided approach, there are dozens of current and former Tyco employees spanning decades who will have information concerning facts relevant to coverage, including whether any alleged contamination or bodily injury were "expected and intended"—a key term of the definition of "occurrence" in many policies. Limiting all insurers—represented by different counsel—to a mere 15 fact depositions would diminish their ability to meaningfully prepare for and present every available defense, as guaranteed by the Due Process Clause and settled law.[2] Indeed, in the AFFF MDL, Tyco in response to interrogatories

---

[2] "Due process requires that there be an opportunity to present every available defense." *Lindsey v. Normet*, 405 U.S. 56, 66 (1972), citing *American Surety Co. v. Baldwin*, 287 U.S. 156, 168 (1932). Due Process requires that a defendant be provided a *meaningful* opportunity to prepare and present its defenses. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."). Due Process is (continued...)

5

identified at least 25 individuals with knowledge of issues of interest to the defendant insurers. *Under Tyco's approach, nearly half of them would not be subject to deposition in this action*.

The inability to depose people with knowledge may result in the insurer defendants being unable to cross-examine witnesses Tyco may call to testify at trial. And it would enable Tyco, on summary judgment motions, to offer affidavits of witnesses who, because of these limits, were not deposed. That would not be fair. Indeed, if Tyco identifies 30 witnesses with knowledge, the 12 insurer groups would only be able to depose half of them. The insurer defendants should not be handicapped in such fashion.

Moreover, in the first-filed Wisconsin Action, where Tyco has recently moved for partial summary judgment under Wisconsin law as to certain coverage issues, the Case Management Order simply states that the presumptive 10 deposition limit will not apply. Should the Court impose a limit on depositions in this action, the result will be that depositions of Tyco's current and former employees will be taken solely in the Wisconsin Action, which will defeat the purpose of trying to coordinate discovery between both cases—which all parties believe is desirable.

The insurer defendants have little incentive to depose Tyco witnesses who have already been deposed in the AFFF MDL and provided testimony on issues the insurer defendants would inquire about. That is especially true given that depositions must be completed in a very short period of time. But the insurer defendants should be given the opportunity to depose every potential witness, as would occur in most litigations, especially one with the stakes at issue here. Artificial limits on the number of depositions taken—*limits in which Tyco can take three times more fact witness depositions than all 12 insurer groups combined*—will favor Tyco and preclude the insurer defendants from discovering all the facts necessary to present every available defense.

The insurer defendants offer a much simpler solution than the one-sided formulas proposed by Tyco: harmonize this schedule with the Wisconsin Action by lifting the presumptive 10 deposition limit and allow all parties to take as many depositions as necessary, subject to any party's right to

---

violated where a defendant does not have the opportunity to fully prepare and present evidence opposing the claims asserted against it. *Freehill v. Lewis*, 355 F.2d 46, 48 (4th Cir. 1966) ("*adequate time must be allowed for discovery of the facts and assembly of the proof*"). (emphasis added). That is especially true given the stakes in this action. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) (highlighting that Due Process Clause requires an "opportunity for hearing *appropriate to the nature of the case*") (emphasis added). This action potentially involves billions of dollars among the Defendants. The "nature of this case" demands that they be entitled to take the number of fact witness depositions necessary to prepare for and present every available defense. That is going to be more than 15 people.

object with regard to specific witnesses, in order to provide the insurer defendants and Tyco the ability to meaningfully gather evidence and present their cases.

**30(b)(6) Depositions**. The same is true with respect to 30(b)(6) depositions. Significantly, it is unclear what the scope of discovery is. The Court's Order, for example, is unclear whether this discovery will relate solely to the water provider claims, or all claims, such as the firefighter claims and claims for personal injury. We request the Court's clarification on this issue. The insurer defendants' position is much simpler. Parties can serve 30(b)(6) depositions as they see fit. Parties may object to 30(b)(6) topics, and disputes will be resolved expeditiously by Section 8. But placing artificial limits may lead the parties to define very broad topics, leading to protracted, unnecessary, and time-consuming motion practice over such topics. Limiting topics may also hamper the insurer defendants from obtaining testimony necessary for them to present every available defense.

7. **Length of Depositions.**

   *Insurer Defendants' Proposal:*

   a) *Each deposition of a fact witness other than a Rule 30(b)(6) designee will be allowed up to 10 hours of time on the record.*

   b) *With respect to Tyco's Rule 30(b)(6) depositions of each Insurer Group, the Insurer Defendants in each such group shall together produce one or more designees for the topics of examination, and such Rule 30(b)(6) deposition will be allowed up to 10 hours of time on the record.*

   c) *Insurer Defendants shall be allowed to serve omnibus and individual Rule 30(b)(6) deposition topics. With respect to Insurer Defendants' collective Rule 30(b)(6) deposition topics, Tyco shall produce one or more designees for the topics of examination, and such Rule 30(b)(6) deposition will be allowed up to 40 hours of time on the record. Tyco shall produce designees with respect to non-collective Rule 30(b)(6) deposition topics served by any insurer for 7 hours of time on the record.*

   *For comparison, Tyco's Proposal is:*

   a) *Each deposition of a fact witness other than a Rule 30(b)(6) designee will be allowed up to 8 hours of time on the record.*

   b) *With respect to Tyco's Rule 30(b)(6) depositions of each Insurer Group, the Insurer Defendants in each such group shall together produce one or more designees for the topics of examination, and such Rule 30(b)(6) deposition will be allowed up to 14 hours of*

7

> *time on the record to be allocated by Tyco among the one or more Insurer Group designees.*
>
> c)   *With respect to Insurer Defendants' collective Rule 30(b)(6) deposition of Tyco, Tyco shall produce one or more designees for the topics of examination, and such Rule 30(b)(6) deposition will be allowed up to 21 hours of time on the record to be allocated by Insurer Defendants among the one or more Tyco designees. Insurer Defendants may not serve individual Rule 30(b)(6) deposition topics outside of the number of topics collectively allocated to Insurer Defendants in this Order.*

### STATEMENT BY INSURER DEFENDANTS REGARDING TYCO'S PROPOSAL:

**Fact Witnesses.**

Tyco's proposal is one-sided. Given that there are 12 defendant insurer groups, if depositions of Tyco's witnesses were limited to 8 hours each insurer group would have a scant *40 minutes* with each witness. Frankly, Tyco's witnesses should appear for 14 hours, allowing each insurer group 70 minutes with each witness. The insurer group, in the spirit of compromise, seeks only 10 hours of time for each Tyco witness, so each insurer group would have 50 minutes with each witness—a scant amount of time, but fairer than 40 minutes.

**30(b)(6) Depositions**.

Tyco wants the ability to take twelve 14-hour depositions, resulting in *168* hours of 30(b)(6) deposition testimony.

Though Tyco wants to be able to take 168 hours of 30(b)(6) testimony, all 12 insurer groups combined would be allotted a total of *21* hours of time to take 30(b)(6) testimony of Tyco. That amounts to less than two hours for each insurer group, even though Tyco has all the facts. Tyco's approach is one-sided; *Tyco would have 8 hours to take 30(b)(6) testimony for every one hour the insurer groups would have*.

The insurer defendants' approach is fairer and more balanced. Tyco would be given 10 hours of 30(b)(6) testimony from each of the 12 insurer groups, so it would have 120 hours to take such testimony. The insurers, in turn would serve an omnibus 30(b)(6) notice likely to cover most topics and have 40 hours between them to take such testimony, or about 3.3 hours per insurer group. If any insurer group wanted to take a 30(b)(6) deposition outside of the omnibus 30(b)(6) deposition, such a deposition would be limited to 7 hours.

8

8. **Objections to Rule 30(b)(6) Topics.** A Party may object to the scope of any Rule 30(b)(6) topic by way of written objection by no later than 14 days after service of the deposition notice and topic in question, without the need to seek a protective order. In the event that the Parties are unable to resolve any such objections with respect to specific Rule 30(b)(6) topics by agreement, the Party that has noticed the deposition may move the Court to compel as to the disputed deposition topic(s), with depositions of designees to take place as to topics that are not subject to any dispute while the Court resolves any such objections.

9. **Protection of Expert Materials.** The procedures set forth in FRCP 26, including the provisions of Rule 26(b)(4)(A)–(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, apply in this action.

10. **Cross-Designation of Discovery with Wisconsin Action.** The parties shall use best efforts and shall cooperate with one another to seek to ensure that all discovery in this action is cross-designated for use in the lawsuit captioned *Century Indemnity Company v. Tyco Fire Products LP*, Case No. 2022-CV-000283 (Wis. Cir. Ct. Marinette Cnty.) (the "Wisconsin Action").  With respect to documents produced or filed in the MDL Lawsuit that are responsive to discovery requests in this action, the parties shall work together to obtain any necessary court orders or consents from parties to the MDL, as required by the CMOs entered in the MDL Lawsuit, prior to cross designating such materials for use in the Wisconsin Action.  The parties shall also work together to seek an appropriate order from the court in the Wisconsin Action that will allow all discovery in the Wisconsin Action to be cross-designated for use in this action.

11. **Modification.** This Case Management Order, or any procedure or limitation set forth in it, may be altered by the Court upon a showing of good cause.

SO ORDERED this ____ day of _____, 2023.

_____
Hon. Richard M. Gergel

Dated: November 10, 2023

COLLINS & LACY, P.C

By: */s/ Christian Stegmaier*
Christian Stegmaier (Fed. Bar No. 8007)
1330 Lady Street, 6th Floor
Columbia, South Carolina 29201
T: (803) 256-2660
E: cstegmaier@collinsandlacy.com

ALSTON & BIRD LLP

Adam J. Kaiser ( *pro hac vice forthcoming*)
Alexander S. Lorenzo ( *pro hac vice forthcoming*)
Matthew B. Byers ( *pro hac vice forthcoming*)
90 Park Avenue, 15th Floor
New York, New York 10016
T: (212) 210-9400
E: adam.kaiser@alston.com

*Counsel for Defendants AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company*

RICHARDSON PLOWDEN & ROBINSON, P.A.

By: */s/ Steven J. Pugh*
Steven J. Pugh (Fed. ID No. 7033)
Benjamin P. Carlton (Fed. ID No. 11797)
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
Tel: (803) 771-4400
spugh@richardsonplowden.com
bcarlton@richardsonplowden.com

SWEENY, WINGATE & BARROW, P.A.

By: */s/ Christy E. Mahon*
Christy E. Mahon (#7896)
Sweeny, Wingate & Barrow, P.A.
1515 Lady Street
Columbia, SC 29201
Tel: (803) 256-2233
CEM@swblaw.com

11

| | |
|---|---|
| PLUNKETT COONEY, PC | RUGGERI PARKS WEINBERG LLP |

Charles W. Browning (*Pro Hac to be filed*)
Lauren B. McMillen (*Pro Hac to be filed*)
Nicole C. Ruggirello (*Pro Hac to be filed*)
38505 Woodard Avenue, Suite 100
Bloomfield Hills, Michigan 48304
Tel: (248) 901-4000
cbrowning@plunkettcooney.com
lmcmillen@plunkettcooney.com
nruggirello@plunkettcooney.com

*Counsel for Defendants Travelers Casualty and Surety Company, f/k/a The Aetna Casualty and Security Company and Travelers Property Casualty Company of America*

James P. Ruggeri (admitted *pro hac vice*)
Annette P. Rolain (admitted *pro hac vice*)
1875 K Street NW, Suite 600
Washington, DC 20006
Tel: (202) 984-1400
jruggeri@ruggerilaw.com
arolain@ruggerilaw.com

*Counsel for Defendants Great American Assurance Company and Great American Spirit Insurance Company*

COZEN O'CONNOR

By: */s/ Charles Kinney*
Charles Kinney (Fed ID No. 10580)
301 South College Street, Suite 2100
Charlotte, NC 28202
Tel: (704) 348-3471
CAKinney@cozen.com

Jodi A. McDougall (WA Bar No. 22060)
Sarah Pozzi (WA Bar No. 55744)
999 Third Avenue, Suite 1900
Seattle, WA 98104
Tel: (206) 340-1000
JMcdougall@cozen.com
SPozzi@cozen.com

*Counsel for Defendants Hamilton Insurance Designated Activity Company, Liberty Surplus Insurance Corporation, and Ohio Casualty Insurance Company*

HAMILTON STEPHENS
STEELE + MARTIN, PLLC

By: */s/ Carmela E. Mastrianni*
Carmela E. Mastrianni, SC Fed. ID. 13730
M. Aaron Lay, *Admitted Pro Hac Vice*
525 N. Tryon Street, Suite 1400
Charlotte, NC 28202
Tel: (704) 344-1117
Facsimile: (704) 344-1483
cmastrianni@lawhssm.com
malay@lawhssm.com

WINDELS MARX LANE &
MITTENDORF, LLP

Andrew K. Craig – *Admitted Pro Hac Vice*
One Giralda Farms
Madison, NJ 07940
acraig@windelsmarx.com

*Counsel for Defendant Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company*

12

<div style="display: flex;">
<div style="flex: 1;">

MURPHY & GRANTLAND, P.A.

By: */s/ Wesley B. Sawyer*
Wesley B. Sawyer (Fed. Bar 11244)
4406-B Forest Drive
Columbia, South Carolina 29206


LINDEMANN MILLER BOWEN LLP

John Lindemann (*pro hac vice* pending)
john@lm-law.com
Jeff Bowen (*pro hac vice* pending)
jeff@lm-law.com
125 S. Wacker Dr. Suite 200
Chicago, IL 60606
(312) 300-4500

LYNBERG & WATKINS PC

R. Jeff Carlisle
jcarlisle@lynberg.com
1150 S. Olive Street, 18th Floor
Los Angeles, CA 90015

*Counsel for Defendant Starr Indemnity & Liability Company*



ROBINSON GRAY STEPP & LAFFITTE, LLC

By: */s/ Kevin K. Bell*
Kevin K. Bell (Fed. Bar No. 5854)
Post Office Box 11449
Columbia, SC 29211
(803) 227-1111
kbell@robinsongray.com

*Attorney for Zurich American Insurance Company*

</div>
<div style="flex: 1;">

MARON MARVEL BRADLEY ANDERSON & TARDY LLC

By: */s/ Beau Inabinet*
Beau Inabinet (Federal Bar No. 7598)
259 Seven Farms Drive, Suite 300
Daniel Island, South Carolina 29492
Tel: (843) 727-0003
BI@maronmarvel.com

BATESCAREY LLP

R. Patrick Bedell (*pro hac vice forthcoming*)
I. Jordan Lowe (*pro hac vice forthcoming*)
191 North Wacker, Suite 2400
Chicago, Illinois 60606
Tel: (312) 762-3100
rbedell@batescarey.com
ilowe@batescarey.com

*Counsel for Affiliated FM*




COPELAND, STAIR, VALZ & LOVELL, LLP

By: */s/ Douglas W. Mackelcan*
Douglas W. Mackelcan
Federal Bar No.: 10058
Skyler C. Wilson
Federal Bar No.: 13008
40 Calhoun Street, Suite 400
Charleston, SC 29401
Tel: 843-727-0307
dmackelcan@csvl.law
swilson@csvl.law

*Counsel for Defendants General Security Indemnity Company of Arizona; and Allianz Global Risks US Insurance Company,*

</div>
</div>

13

| | |
|---|---|
| FORD WALLACE THOMSON LLC | *incorrectly named as "Allianz Underwriters Insurance Company"* |
| By: */s/ Ian S. Ford* | |
| Ian S. Ford (Fed Bar No. 9057) | BAKER & MCKENZIE |
| Ian.ford@fordwallace.com | Ronald L. Ohren (*pro hac vice* application forthcoming) |
| Ainsley F. Tillman (Fed Bar No. 12847) | |
| Ainsley.tillman@fordwallace.com | John H. Ebner (*pro hac vice* application forthcoming) |
| 715 King Street | |
| Charleston, SC 29403 | 300 E. Randolph Street, Suite 4800 |
| | Chicago, IL  60601 |
| SAUL EWING LLP | ronald.ohren@bakermckenzie.com |
| | jon.ebner@bakermckenzie.com |
| Matthew J. Antonelli | |
| Matt.antonelli@saul.com | *Counsel for Defendant Allianz Global Risks US Insurance Company, incorrectly named as "Allianz Underwriters Insurance Company"* |
| Clarence & Lee | |
| Clarence.lee@saul.com | |
| Saul Ewing LLP | |
| 1919 Pennsylvania Ave., NW, Suite 550 | MCCULLOUGH, P.C. |
| Washington, DC 20006 | |
| (202) 295-6608 | Thomas A. Brusstar (*pro hac vice* application forthcoming) |
| | |
| *Counsel for American Guarantee and Liability Insurance Company, Zurich American Insurance Company, and American Zurich Insurance Company* | Ian N. Rothenberg (*pro hac vice* application forthcoming) |
| | 205 N Michigan Ave, Ste 2550 |
| | Chicago, IL 60601 |
| | Tel: (312) 923-4116 |
| MURPHY & GRANTLAND, P.A. | thomas.brusstar@mcculloughpc.com |
| | ian.rothenberg@mcculloughpc.com |
| By: */s/ Wesley B. Sawyer* | |
| Wesley B. Sawyer (Fed. Bar 11244) | *Counsel for Defendant General Security Indemnity Company of Arizona* |
| 4406-B Forest Drive | |
| Columbia, South Carolina 29206 | |
| | |
| *Counsel for TIG Insurance Company* | |

**Appendix A**
**Insurer Defendants and Insurer Groups**

| Insurer Group | Insurer Defendants |
|---|---|
| **AFM:** | Affiliated FM Insurance Company |
| **AIG Defendants:** | AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company |
| **Allianz:** | Allianz Global Risks US Insurance Company |
| **Allstate:** | Allstate Insurance Company, as successor-in-interest to Northbrook Excess and Surplus Insurance Company (f/k/a Northbrook Insurance Company) |
| **Great American Defendants:** | Great American Assurance Company and Great American Spirit Insurance Company |
| **Liberty Defendants:** | Hamilton Insurance Designated Activity Company, Liberty Surplus Insurance Corporation, and Ohio Casualty Insurance Company |
| **SCOR:** | General Security Indemnity Company of Arizona |
| **Starr:** | Starr Indemnity and Liability Company |
| **TIG:** | TIG Insurance Company |
| **Travelers Defendants:** | Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) and The Travelers Indemnity Company |
| **ZAIC:** | Zurich American Insurance Company, as successor-in-interest to certain underwriting companies, including but not limited to Zurich Insurance Company, U.S. Branch. |
| **Zurich Defendants:** | American Guarantee and Liability Insurance Company, American Zurich Insurance Company, and Zurich American Insurance Company |