IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TYCO FIRE PRODUCTS LP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AIU INSURANCE COMPANY, et al. ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 2:23-cv-02384-RMG <br><br> **DEFENDANT ALLSTATE INSURANCE COMPANY, SOLELY AS SUCCESSOR IN INTEREST TO NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY, FORMERLY NORTHBROOK INSURANCE COMPANY'S ANSWERS TO RULE 26.03 INTERROGATORIES** |

Defendant, Allstate Insurance Company ("Allstate"), solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Northbrook") responds to Local Civil Rule 26.03, as follows:

**1. A short statement of the facts of the case.**

In this action, Plaintiff Tyco Fire Products LP ("Tyco") is seeking a declaration of coverage for the underlying "AFFF Suits"[1] from Allstate under excess policies issued by Northbrook to the Ansul Company. Northbrook issued the following three excess insurance policies to the Anusl Company: (1) Policy Number 63-002-273 for the policy period October 1, 1976 to October 1, 1977; (2) Policy Number 63-003-813 for the policy period December 1, 1977 to October 1, 1978 and (3) Policy Number 63-003-193 for the policy period June 1, 1977 to October 1, 1977. ("Northbrook Policies"). Tyco, in its Amended Complaint, also asserts that Allstate issued another policy, policy number "TBD," with a policy period of February 15, 1980 to July 1, 1980, of which Allstate denies the existence. Tyco contends the Northbrook Policies impose on Allstate an obligation to defend and indemnify Tyco with respect to the AFFF Suits, which Allstate denies.

---

[1] Tyco, in its Amended Complaint, seeks insurance coverage for various underlying lawsuits, referred to as the "AFFF Suits," arising out of its manufacture, design, sale, supply, use or distribution of fire safety products. Specifically, Tyco states it is has been named as a defendant in suits brought by individual claimants, including current and former military and civilian firefighters, public, quasi-public and private water providers, state and municipal governmental authorities, and others, that have allegedly suffered bodily injury, property damage, or personal injury, or some combination thereof, which they attribute to exposure to fire safety products manufactured, designed, sold, supplied or distributed by Tyco Fire Products. See Amended Complaint ¶¶ 2-3.

**2.    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Allstate reserves the right to call any party, any witness(es) designated by Tyco and other Defendants, as well as the following:

a)    Tyco Fire Products LP's designee(s) to testify regarding the claims at issue in this litigation, the terms and conditions of the alleged Northbrook Policies and facts supporting the lack of coverage under the Northbrook Policies.

b)    Allstate Insurance Company's designee(s) to testify regarding the handling of the claims related to this litigation and facts supporting Allstate's contentions regarding coverage under the Northbrook Policies.

c)    Charles Feeley, Direct Claims – Lead Consultant, Allstate Insurance Company, is expected to testify regarding Allstate's handling of the subject claims at issue in this litigation.

d)    Fact witnesses, including third parties, that Tyco identifies in discovery with knowledge regarding the manufacture, design, sale, supply, distribution, promotion, or use of any AFFF, PFAS or other products containing PFAS.

Allstate reserves the right to supplement this response should additional witnesses become known to Allstate.

**3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Allstate has not yet determined whether an expert or experts will be retained to present testimony in this matter. Allstate will designate and serve expert reports in accordance with Rule 26(a)(2) pursuant to the Scheduling Order.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Tyco, as the party seeking to establish insurance coverage, bears the burden of proof on many of the issues described herein, and therefore, the "defenses" are not affirmative defenses, but refer to elements of Tyco's proof. Allstate intends only to identify the issues for the court and does not waive the requirements of proof as provided by law. This summary is not an exhaustive list of all defenses or issues that may prove to be relevant as discovery proceeds and does not provide an exhaustive survey of the applicable law. Allstate does not waive but specifically reserves the right to raise any and all defenses alleged in its responsive pleadings, in any amended pleadings, or any Rule 26.03 answers of any other defendant, regardless of whether they are included in the following list.

a) <u>Tyco's Burden to Prove Policy.</u>  Neither Allstate nor Northbrook issued a policy to The Ansul Company for the policy period February 15, 1980 to July 1, 1980 as alleged by Plaintiff. Tyco bears the burden of proving the existence of a policy and its terms.  *See, e.g.*, *Hinson-Barr, Inc. v. Pinckard*, 292 S.C. 267, 268, 356 S.E.2d 115, 116 (1987) (holding the party seeking to enforce a contract has the burden of proving the contract terms); *Latino Food Marketers, LLC v. Ole Mexican Foods, Inc.*, 2003 WL 23220141 *2 (W.D. Wis. 2003) (holding "a party seeking to rely on a contract must prove the existence of the contract.").

b) <u>Tyco's Burden to Prove Coverage.</u>  Tyco has the burden of proving Allstate is obligated to indemnify Tyco for ultimate net loss Tyco is obligated to pay by reason of liability imposed on Tyco by law or assumed under contract or agreement for damages on account of personal injury or property damage during the Northbrook Policy periods caused by an occurrence. *See, e.g., Wilson Mut. Ins. Co. v. Falk*, 857 N.W.2d 156, 165 (Wis. 2014) ("In determining whether coverage exists under an insurance policy, . . . we must examine the facts of the insured's claim to determine whether the policy makes an initial grant of coverage."); *Jericho State Capital Corp. of Florida v. Chicago Title Ins. Co.*, 431 S.C. 437, 445, 848 S.E.2d 572, 576 (Ct. App. 2020) ("The insured bears the burden of proving its claim falls within the policy's coverage.").

c) <u>Pollution Exclusion</u>.  The Northbrook Policies contain or follow form to policies that contain a pollution exclusion that bar Plaintiff's claims.  *See, e.g., Helena Chemical Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 594 S.E.2d 455 (S.C. 2004) (Property damage caused by pollution from ordinary business operations are not "sudden and accidental," and therefore, are excluded.); *Just v. Land Reclamation*, 456 N.W.2d 570 (Wis. 1990) (holding that "sudden and accidental" in pollution exclusion meant unexpected and unintended).

d) <u>Expected or Intended.</u> The Northbrook Policies require that any property damage or personal injury not be "expected or intended."  *See, e.g., American Family Mut. Ins. Co. v. American Girl, Inc.,* 268 Wis 2d 16, 2004 WI 2, 673 N.W.2d 65 (2004); *Braswell v. Faircloth*, 300 S.C. 338, 387 S.E.2d 707 (Ct. App. 1989).

e) <u>Late Notice</u>.  The Northbrook Policies provide that "[w]henever the insured has information from which they may reasonably conclude that an occurrence covered hereunder involves injuries or damage which, in the event the insured shall be held liable, is likely to involve this policy, notice shall be sent to the Company . . . as soon as practicable . . . .".  *See, e.g., Fireman's Fund Ins. Co. v. Bradley Corp.*, 261 Wis. 2d 4, 660 N.W.2d 666, 683, 2003 WI 33, 28 (2003) ("Prejudice is presumed under Wisconsin law if notice of a suit is given more than one year after the time required in an insurance policy.  The burden is on the insured to prove that no prejudice resulted to the insurer."); *Factory Mutual Liability Ins. Co. v. Kennedy*, 256 S.C. 376, 182 S.E. 2d 727 (S.C. 1971) (notice and forwarding suit papers will not bar recovery, unless the insurer shows that the failure to give such notice has resulted in substantial prejudice to its rights).

f) <u>Non-Cumulation Clause</u>.  The Northbrook Policies contain a condition that provides "that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the insured prior to the inception date hereof the limit of liability hereon as stated in [the policy] shall be reduced by any amounts due to the Insured on account of such loss under such prior insurance."  *See, e.g., Plastics Engineering Co. v. Liberty Mut. Ins. Co.*, 759

N.W.2d 613 (Wis. 2009) ("non-cumulation" clause was not in violation of Wisconsin Statute Section 631.43(1) as it is not an "other insurance" clause and because it involved successive policies rather than the concurrent coverages to which the statute applies).

  g) Other Insurance Clause. The Northbrook Policies contain the following Condition: "If other valid and collectible insurance with any other Insurer is available to the Insured covering a loss also covered by this policy, other than insurance that is in excess of the insurance afforded by this policy, the insurance afforded by this policy shall be in excess of and shall not contribute with such other insurance."

  5. Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.

  *See* Scheduling Order.

  6. Any special circumstances that would affect the time frames applied in preparing the scheduling order. *See generally* Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

  *See* Scheduling Order.

  7. Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 1 (D.S.C.)) or otherwise requested by the assigned judge.

  Allstate refers to the completed mediation form required by Judge Gergel being filed herewith.

Dated: November 14, 2023  **HAMILTON STEPHENS STEELE + MARTIN, PLLC**

    By: /s/ Carmela E. Mastrianni
    Carmela E. Mastrianni, SC Fed. ID. 13730
    M. Aaron Lay (Admitted *Pro Hac Vice*)
    525 N. Tryon Street, Suite 1400
    Charlotte, NC 28202
    Tel: (704) 344-1117
    Facsimile: (704) 344-1483
    cmastrianni@lawhssm.com
    malay@lawhssm.com

    Andrew K. Craig – (Admitted *Pro Hac Vice*)
    WINDELS MARX LANE & MITTENDORF, LLP
    One Giralda Farms
    Madison, NJ 07940

Email: acraig@windelsmarx.com

Attorneys for Defendant Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company