UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| TYCO FIRE PRODUCTS LP,<br><br>*Plaintiff*,<br><br>v.<br><br>AIU INSURANCE COMPANY, *et al.*<br><br>*Defendants*. | Civil Action No. 2:23-cv-02384-RMG<br><br><br><br>Hon. Richard M. Gergel |

### DISCOVERY CASE MANAGEMENT ORDER NO. 1

1. **Scope and Application.** This Case Management Order applies to discovery proceedings in this action as contemplated by the Court's Scheduling Order (Dkt. No. 111), and supplements that Scheduling Order.

2. **Service of Discovery.** All discovery, including written discovery requests, responses to written discovery requests, and deposition notices, may be served by email on counsel for a Party at the counsel's email address registered on ECF.

3. **Limits on Written Discovery.**

   a) Other than discovery that must be served by November 10, 2023, under the Scheduling Order, Tyco and Insurer Defendants shall each use best efforts to serve omnibus written discovery requests so as to avoid needless duplication of discovery requests and undue burden. The parties each reserve the right to object to the written discovery served on November 10, 2023, if that written discovery is inconsistent with the provisions set forth in the remainder of this paragraph 3, the intent of which is to impose reasonable limitations on the extent of written discovery to which any party must respond.

   b) Insurer Defendants may jointly serve up to 40 omnibus Requests for Production on Tyco, and up to 40 omnibus Interrogatories on Tyco. Additionally, each Insurer Group (as set forth in **Appendix A**) may serve up to 10 additional Requests for Production on Tyco, and up to 10 additional Interrogatories on Tyco. Each Insurer Group may determine how it wishes to divide its additional Requests for Production and additional Interrogatories among the Insurer Defendants that make up the Insurer Group.

      c)      Tyco may serve up to 40 omnibus Requests for Production on Insurer Defendants jointly, and up to 40 omnibus Interrogatories on Insurer Defendants jointly, to which each Insurer Defendant shall respond for itself. Additionally, Tyco may serve up to 10 additional Requests for Production on each Insurer Group, and up to 10 additional Interrogatories on each Insurer Group. Tyco may determine how it wishes to divide its additional requests for Production and additional Interrogatories among the Insurer Defendants that make up each Insurer Group.

      d)      With respect to Insurer Defendants' omnibus written discovery requests, one or more Insurer Defendants may move to compel discovery provided that they do so as part of an omnibus motion to compel joined by any other Insurer Defendant wishing to join. An Insurer Defendant or a group of Insurer Defendants wishing to move to compel may do so even if the Insurer Defendant which nominally served the omnibus request at issue declines to join the motion or is no longer a Party to the case (such as by reason of dismissal or settlement).

4. **Privilege Logs.**

(a)    With respect to Tyco's productions of documents that have already been produced in the multidistrict litigation captioned *In Re: Aqueous Film-Forming Foams Products Liability Litigation*, Master Docket No.: 2:18-mn-2873 (D.S.C.) ("MDL Lawsuit"), Tyco shall produce the privilege logs that were produced for those documents in the MDL Lawsuit.

(b)    For the document productions that occur in this action that are not productions of MDL Lawsuit documents, the producing Party may provide a categorical privilege log under which the Party identifies categories of privileged information and discloses information that will enable other parties to assess the claim of privilege, such as information about the number of documents or communications withheld that fall within that category, the date range of the withheld documents or communications falling within that category, and the bases upon which documents and communications falling within that category have been withheld. Any Party receiving a categorical privilege log may seek additional information with respect to any particular document.

(c) The Court orders that Paragraph 12 of the Scheduling Order, which provides that "privilege logs shall include the categories of documents set forth in Dkt. No. 109, Paragraph 13," is hereby corrected to state that "privilege logs shall <u>not</u> include the categories of documents set forth in Dkt. No. 109, Paragraph 13."

5.  **Format and Timing of Depositions.**

(a) No later than **December 15, 2023**, the parties shall meet and confer regarding depositions of fact witnesses and Rule 30(b)(6) designees they intend to take, and within the following 21 days, they shall exert best efforts to determine witness and designee availabilities, the schedule for such depositions, and the format and location for such depositions.

(b) Any Party receiving a Rule 30(b)(6) deposition notice shall have at least 28 days to prepare the designee to testify; accordingly, Rule 30(b)(6) depositions shall be agreed or noticed no later than **February 1, 2024**.

(c) Any Party receiving a fact deposition notice other than a Rule 30(b)(6) deposition notice shall have at least 21 days to prepare the witness to testify; accordingly, fact depositions shall be agreed or noticed no later than **February 8, 2024**.

(d) The Party that is taking a deposition may choose to take the deposition remotely or travel to a home or business location convenient for and specified by the witness.

(e) Each Party shall have the right to participate in any deposition by asking questions in any deposition noticed by any other Party.

(f) To the extent that more than one Insurer Defendant wishes to ask questions at a deposition, Insurer Defendants shall coordinate with each other in advance of the deposition and divide up the time they intend to use to fit within the maximum allotted time.

6. **Number of Depositions.**

   a) Tyco may take a Rule 30(b)(6) deposition of each separate Insurer Group. Additionally, Tyco may take up to 4 additional fact witness depositions of each separate Insurer Group (inclusive of former employees).

   b) Insurer Defendants together may take a Rule 30(b)(6) deposition of Tyco. Insurer Defendants together may take up to 20 additional fact witness depositions of Tyco (inclusive of former Tyco employees).

   c) Insurer Defendants shall use best efforts to avoid duplicating depositions that have already occurred in the MDL Lawsuit or overburdening witnesses in the MDL Lawsuit, and shall seek to tailor depositions to the needs of the insurance coverage case.

   d) Any Party receiving a Rule 30(b)(6) deposition notice may designate any number of witnesses to testify, but the designation of a Rule 30(b)(6) witness does not count against the allotted number of fact witness depositions for each side.

   e) To the extent a party believes that it needs additional depositions beyond those indicated above, it shall promptly move before this Court for leave to conduct said depositions.

7. **Length of Depositions.**

   a) Each deposition of a fact witness other than a Rule 30(b)(6) designee will be allowed up to 10 hours of time on the record.

   b) With respect to Tyco's Rule 30(b)(6) depositions of each Insurer Group, the Insurer Defendants in each such group shall together produce one or more designees for the topics of examination, and such Rule 30(b)(6) deposition will be allowed up to 10 hours of time on the record to be allocated by Tyco among the one or more Insurer Group designees.

   c) With respect to Insurer Defendants' collective Rule 30(b)(6) deposition of Tyco, Tyco shall produce one or more designees for the topics of examination, and such Rule 30(b)(6) deposition will be allowed up to 25 hours of time on the record to be allocated by Insurer Defendants among the one or more Tyco designees.

8. **Objections to Rule 30(b)(6) Topics.** A Party may object to the scope of any Rule 30(b)(6) topic by way of written objection by no later than 14 days after service of the deposition notice and topic in question, without the need to seek a protective order. In the event that the Parties are unable to resolve any such objections with respect to specific Rule 30(b)(6) topics by

agreement, the Party that has noticed the deposition may move the Court to compel as to the disputed deposition topic(s), with depositions of designees to take place as to topics that are not subject to any dispute while the Court resolves any such objections.

9. **Protection of Expert Materials.** The procedures set forth in FRCP 26, including the provisions of Rule 26(b)(4)(A)–(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, apply in this action.

10. **Cross-Designation of Discovery with Wisconsin Action.** The parties shall use best efforts and shall cooperate with one another to seek to ensure that all discovery in this action is cross-designated for use in the lawsuit captioned *Century Indemnity Company v. Tyco Fire Products LP*, Case No. 2022-CV-000283 (Wis. Cir. Ct. Marinette Cnty.) (the "Wisconsin Action").  With respect to documents produced or filed in the MDL Lawsuit that are responsive to discovery requests in this action, the parties shall work together to obtain any necessary court orders or consents from parties to the MDL, as required by the CMOs entered in the MDL Lawsuit, prior to cross designating such materials for use in the Wisconsin Action.  The parties shall also work together to seek an appropriate order from the court in the Wisconsin Action that will allow all discovery in the Wisconsin Action to be cross-designated for use in this action.

11. **Modification.** This Case Management Order, or any procedure or limitation set forth in it, may be altered by the Court upon a showing of good cause.

SO ORDERED this 17th day of November, 2023.

s/Richard M. Gergel
Hon. Richard M. Gergel

**Appendix A**
**Insurer Defendants and Insurer Groups**

| Insurer Group | Insurer Defendants |
|---|---|
| **AFM:** | Affiliated FM Insurance Company |
| **AIG Defendants:** | AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company |
| **Allianz:** | Allianz Global Risks US Insurance Company |
| **Allstate:** | Allstate Insurance Company, as successor-in-interest to Northbrook Excess and Surplus Insurance Company (f/k/a Northbrook Insurance Company) |
| **Great American Defendants:** | Great American Assurance Company and Great American Spirit Insurance Company |
| **Liberty Defendants:** | Hamilton Insurance Designated Activity Company, Liberty Surplus Insurance Corporation, and Ohio Casualty Insurance Company |
| **SCOR:** | General Security Indemnity Company of Arizona |
| **Starr:** | Starr Indemnity and Liability Company |
| **TIG:** | TIG Insurance Company |
| **Travelers Defendants:** | Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) and The Travelers Indemnity Company |
| **ZAIC:** | Zurich American Insurance Company, as successor-in-interest to certain underwriting companies, including but not limited to Zurich Insurance Company, U.S. Branch. |
| **Zurich Defendants:** | American Guarantee and Liability Insurance Company, American Zurich Insurance Company, and Zurich American Insurance Company. |