# WIN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **TYCO FIRE PRODUCTS LP,** ) | |
| ) | |
| **Plaintiff**, ) | |
| v.  ) | **Civil Action No. 2:23-cv-02384-RMG** |
| ) | |
| **AIU INSURANCE COMPANY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

# AIG INSURERS' MOTION TO SEAL

Pursuant to the Federal Rules of Civil Procedure, Local Civil Rule 5.03 (D.S.C.), and the Confidentiality and Protective Order [ECF No. 189], Defendants AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company (collectively, the "AIG Insurers"), by and through their undersigned counsel, respectfully request permission to file under seal certain documents in connection with the AIG Insurers' Motion to Dismiss or Stay ("Motion") [ECF No. 282].

In addition, the AIG Insurers respectfully request permission to file on the public docket a redacted version of their Memorandum Supporting their Motion ("Memorandum") and to file the unredacted version of their Memorandum under seal. Otherwise, the redacted components of the Memorandum would reveal the contents of the documents the AIG Insurers are requesting to file under seal in this Motion.

Specifically, the AIG Insurers request leave to file the following documents under seal:

a.      The Rebuttal Expert Report of Tyco's expert, Dennis R. Connolly, dated April 8, 2024. This document is attached as Exhibit E to the Declaration of Christian Stegmaier in Support of the AIG Insurers' Motion ("Stegmaier Decl.").

b.      Email correspondence between representatives of Tyco Fire Products LP ("Tyco") and Marsh, Inc. ("Marsh"), dated May 14 to 23, 2003, and produced in this matter as MARSH00399767-9770. This document is attached as Exhibit F to the Stegmaier Decl.

Sealing these documents is appropriate under the standards established by the Fourth Circuit in *In re Knight Publishing Company*, 743 F.2d 231, 235-36 (4th Cir.1984), and reiterated in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In support of this Motion to Seal, the AIG Insurers would show the following:

1

1.   Public notice of the request to seal and an opportunity to object is afforded through this publicly filed Motion and the description of the documents set forth above.

2.   Pursuant to this Court's Confidentiality and Protective Order [ECF No. 189] or the related MDL order, the other parties to this action and/or other parties in the related MDL have previously marked the documents as "Confidential" or "Highly Confidential."  Consequently, the respective marking parties have represented that the documents contain confidential, sensitive, and proprietary material.  The AIG Insurers are relying upon the confidential designation of these documents and, in accordance with this Court's Confidentiality and Protective Order, seek to file them under seal.  Therefore, redaction by the AIG Insurers is not practical/permitted, and filing these documents under seal is appropriate.

3.   There are good reasons to seal the documents.  The marking parties have represented that the material contained in the documents involve sensitive information that is required by agreement of the parties and by the Confidentiality and Protective Order in this case [ECF No. 189] to be kept confidential, including proprietary business information relating to the parties.  Given these representations, maintaining confidentiality is required by this Court's prior Confidentiality and Protective Order.  For these reasons, the AIG Insurers respectfully request that the Court grant this Motion to Seal and permit them to file these documents under seal for the Court's *in camera* review and for the Court's information and knowledge of such documents as they relate to the issues associated with this case.  The documents will be provided to chambers, per the Court's preferences.[1]

---

[1] Pursuant to Local Rule 7.04, a full explanation of the Motion to Seal is set forth herein, and a separate memorandum would serve no useful purpose.  *See* Local Civ. Rule 7.04 (D.S.C.).

## CERTIFICATIONS

Counsel for the AIG Insurers hereby certifies that the AIG Insurers have complied with Local Rule 5.03 (D.S.C.). Specifically, this Motion to Seal (i) identifies with specificity the documents that are the subject of this Motion; (ii) states the reasons why sealing is necessary (see paragraphs 2 and 3 above); (iii) explains why less drastic alternatives to sealing would not afford adequate protection and/or is impractical in this case (see paragraph 2 above); and (iv) addresses the factors concerning sealing set out in controlling case law (see paragraphs 1, 2, and 3 above).

Counsel for the AIG Insurers further certifies that prior to filing this Motion to Seal, counsel for the AIG Insurers reached out via phone and email to counsel for Tyco and Marsh concerning this Motion. Marsh's counsel consents to the filing under seal of the documents that March has designated as Confidential or Highly Confidential in this action. At the time of filing, counsel for AIG Insurers had not received a response from Tyco counsel.

April 24, 2024
Columbia, South Carolina

Respectfully submitted,

COLLINS & LACY, P.C.

*/s/ Christian Stegmaier*
CHRISTIAN STEGMAIER
Federal Bar No. 8007)
cstegmaier@collinsandlacy.com
1330 Lady Street, 6th Floor
Columbia, South Carolina 29201
Telephone: (803) 256-2660


ALSTON & BIRD LLP

Adam J. Kaiser (*pro hac vice*)
Alexander S. Lorenzo (*pro hac vice*)
Matthew B. Byers (*pro hac vice*)
90 Park Avenue, 15th Floor
New York, New York 10016
adam.kaiser@alston.com
alexander.lorenzo@alston.com
matt.byers@alston.com

3

Telephone: (212) 210-9400

*Counsel for Defendants AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company*