**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

*By ECF*                                                                                                        April 25, 2024

The Honorable Richard M. Gergel
United States District Court
for the District of South Carolina
P.O. Box 835
Charleston, South Carolina 29402

      **Re:  *Tyco Fire Products LP v. AIU Ins. Co., et al.*, Civ. No. 2:23-2384 (D.S.C.)**

Dear Judge Gergel:

      We write on behalf of Tyco Fire Products LP ("Tyco") in response to the AIG Insurers' letter of last night requesting an expedited briefing schedule for their just-filed motion to dismiss or stay this action.  ECF 286.  Tyco intends to oppose AIG's (now third) motion to dismiss or stay in due course, and to bring to the Court's attention in the process several material points and inaccuracies in and relating to AIG's motion.  For present purposes, however, we write only to request that the Court deny AIG's request for an expedited briefing schedule.

      The admitted purpose of AIG's request for an expedited briefing schedule is to preempt (and, AIG hopes, prevent altogether) the Court's consideration of Tyco's two pending motions for partial summary judgment (ECF 256 and 257), for which Tyco will be filing reply briefs no later than this coming Monday, April 29, that will render those important motions ready for decision.  Tyco respectfully submits that this gambit should not succeed.  AIG seeks expedited briefing on the basis that "sequencing the motions" in the manner it requests (i.e., allowing its just-filed motion to leapfrog over Tyco's two pending summary judgment motions) "may de-risk the potential for inconsistent judgments" between this case and the pending Wisconsin Action.  ECF 283-1 at 16.  But what AIG has declined to disclose in its letter (and its motion) is that AIG filed just last week a duplicative and competing motion in the Wisconsin Action that seeks judgment as to some of the exact same issues already pending before this Court in one of the Tyco motions that will be fully briefed by this coming Monday.  Other than AIG's duplicative motion, no party has asked this Court to decide any coverage issue pending before the Wisconsin court or vice versa.  Thus, AIG alone is to blame for the "risk" that it seeks to preempt.

      To be clear, Tyco considers AIG's just-filed motion to dismiss or stay wholly without merit.  But we believe it will be important to provide the Court with appropriate context and information before the Court rules on AIG's motion, and that Tyco may be prejudiced if required to do so under the expedited schedule requested by AIG and in a manner that upsets, and preempts, the long-established case schedule under which all parties have been acting for many

COVINGTON

The Honorable Richard M. Gergel
April 25, 2024
Page 2

months.  Briefing on the timeframe AIG requests would impose a wholly unreasonable burden on Tyco.  There are three significant deadlines in the next week:  (1) the deadline for expert discovery to conclude is tomorrow, April 26; (2) Tyco's replies in support of its pending motions for partial summary judgment are due, as just noted, on Monday, April 29; and (3) the deadline for any additional dispositive motions and *Daubert* motions is May 2.

Respectfully, AIG's letter (and its third motion to dismiss or stay this action) offer no showing sufficient to clear the high bar required to upset the current and long-settled schedule for this case.

We appreciate the Court's consideration.

Respectfully submitted,

*/s/ Allan B. Moore*

Allan B. Moore

cc      Counsel for All Parties (via ECF)