

Christian Stegmaier  |  **D**:  803.255.0454  |  **E**:  cstegmaier@collinsandlacy.com

April 26, 2024

**BY ECF**
The Honorable Richard M. Gergel
United States District Court
For the District of South Carolina
P.O. Box 835
Charleston, SC 29402

Re:     *Tyco Fire Prods. LP v. AIU Ins. Co., et al.*, **No. 2:23-cv-02384 (D.S.C.)**

Dear Judge Gergel:

We represent Defendants AIU Insurance Company, American Home Assurance Company, Granite State Insurance Company, Insurance Company of the State of Pennsylvania, National Union Fire Insurance Company of Pittsburgh, Pa., and New Hampshire Insurance Company (collectively, the "AIG Insurers") in the above-referenced action. I write to request a limited extension to the deadlines for briefing dispositive and *Daubert* motions in this Court's Scheduling Order (ECF No. 111).

As you know, the Court's Scheduling Order currently states that expert discovery is to conclude today, April 26, 2024, and requires all dispositive and *Daubert* motions be filed on or before Thursday, May 2, 2024. The AIG Insurers respectfully request a modest eleven (11) day extension to the May 2 deadline, such that all dispositive motions and all *Daubert* motions must be filed on or before Monday, May 13, 2024, with oppositions due May 30, 2024, and replies due June 10, 2024.

The reason for this request is twofold: *First*, a short extension would allow the AIG Insurers and Tyco Fire Products LP ("Tyco") to focus their near-term efforts on the ongoing settlement discussions that are being mediated by Judge Phillips. *Second*, the extension would permit the parties time to incorporate the recently completed expert depositions into in any dispositive or *Daubert* motions. As the Court may be aware, all of the expert witness depositions have occurred over the past two weeks, with the vast majority occurring this week. As a result, the AIG Insurers have not had sufficient opportunity to digest the information gleaned from these depositions—indeed, we do not yet have transcripts for many of them—for use in any dispositive or *Daubert* motions.

Respectfully, the extension will not prejudice any of the parties. As the Court is aware, and as highlighted in the AIG Insurers' Motion to Dismiss or Stay the Action (ECF No. 283), the expedited deadlines in the Scheduling Order were entered by the Court last fall to ensure that Tyco's coverage disputes with its insurers were decided before the anticipated August 2024

The Honorable Richard Gergel
April 26, 2024
Page 2

bellwether trial in the AFFF MDL involving Tyco and the Water Provider Plaintiffs. However, earlier this month, Tyco announced a $750 million settlement with the Water Provider Plaintiffs that is not contingent on Tyco's resolution of its coverage disputes. Because Tyco is not facing a Water Provider bellwether trial, Tyco does not need this Court's immediate assistance to resolve this coverage action. Simply put, there is no need for urgency. A modest eleven (11) day extension will enable the parties to devote time and resources to the parties' ongoing settlement discussions, as well as to use, in a fair and reasonable manner, all material from expert discovery in their motions. And extending the schedule by less than two weeks will have no material impact on the resolution of the action—and that is especially true if the Court grants the motion to stay.

Earlier today, Tyco's counsel refused to consent to this short extension. Tyco's refusal is perplexing. Just yesterday, Tyco objected to a request for expedited briefing on the AIG Insurers' Motion to Dismiss or Stay, in part *because of* the upcoming May 2 deadline. *See* ECF No. 287. Specifically, Tyco contended that adding a deadline to oppose that motion to the three "significant deadlines" it already faces—which include the May 2 deadline—would be an "unreasonable burden." But extending the dispositive and *Daubert* briefing deadline will solve both problems: It will relieve Tyco (and the AIG Insurers) of a now-unnecessary expedited briefing schedule that seeks all dispositive and *Daubert* motions within seven days of the last expert deposition in this case, and it will allow the Court time to sequence the AIG Insurers' Motion to Dismiss or Stay ahead of any dispositive and *Daubert* briefing, conserving judicial resources.

The AIG Insurers appreciate the Court's attention to this matter and are available at the Court's convenience to provide any additional information that would be of use.

Respectfully submitted,

*/s/ Christian Stegmaier*

Christian Stegmaier


cc:     All Counsel of Record (by ECF)