**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

*By ECF*                                                                                              April 29, 2024

The Honorable Richard M. Gergel
United States District Court
for the District of South Carolina
P.O. Box 835
Charleston, South Carolina 29402

      Re:    *Tyco Fire Products LP v. AIU Ins. Co., et al.*, Civ. No. 2:23-2384 (D.S.C.)

Dear Judge Gergel:

      On Friday, April 26, 2024, AIG sent the Court its second letter in two days, requesting that the Court postpone the imminent and longstanding May 2, 2024, deadline for the filing of dispositive and *Daubert* motions. ECF 293. With apologies for having to burden the Court further in this manner, we write on behalf of Tyco Fire Products LP ("Tyco") to urge the Court to deny AIG's continuing efforts to avoid a decision on the merits at any cost.

      <u>First</u>, the imminent May 2 deadline was set long ago by the Court and the parties have been working under this schedule for many months. The schedule must be maintained in order for all briefing to be completed by June 1. The Court made clear six months ago that this June 1 deadline "<u>will not be extended</u>." ECF 111, at 5 (underlining in original).

      <u>Second</u>, the fact that Tyco reached a settlement-in-principle with the Water Providers for $750 million is not cause to delay resolution of this coverage action and does not justify AIG's "pay and chase" approach. ECF 24-2 at 20. To the contrary, Tyco's need for its coverage rights to be determined is more pressing now than ever. Indeed, Tyco has filed two motions for partial summary judgment (both of which will be fully briefed by the end of today) *earlier* than the May 2 deadline in furtherance of its urgent need for resolution of these issues.

      <u>Third</u>, AIG's assertion that the expert discovery schedule warrants postponing *Daubert* briefing violates its prior commitment to Tyco and the Court on this issue. In February, AIG and Tyco jointly requested a modest amendment to the case schedule to extend expert discovery deadlines. ECF 252. In so doing, AIG joined Tyco in representing to the Court that this "short extension of interim deadlines relates solely to expert discovery" and does not "change any other dates, such that briefing on dispositive motions will remain scheduled for completion on June 1, 2024, as previously directed by the Court." *Id.* at 1. Having secured a later expert deposition deadline based on that representation, AIG cannot now seek to use that extended deadline as a basis to secure more delay.

COVINGTON

The Honorable Richard M. Gergel
April 29, 2024
Page 2

      *Finally*, the fact that Tyco and AIG continue to engage in productive settlement discussions is certainly a positive development, but it is no reason to deviate from the case schedule that has been in place for months.  To the contrary, case deadlines often facilitate settlement discussions.

      We appreciate the Court's consideration.

      Respectfully submitted,

      */s/ Allan B. Moore*

      Allan B. Moore

cc    Counsel for All Parties (via ECF)