**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Allan B. Moore

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5575
abmoore@cov.com

By ECF                                                                                    May 13, 2024

The Honorable Richard M. Gergel
United States District Court
for the District of South Carolina
P.O. Box 835
Charleston, South Carolina 29402

Re:  *Tyco Fire Products LP v. AIU Ins. Co., et al.*, No. 2:23-cv-02384 (D.S.C.)

Dear Judge Gergel:

We write on behalf of Tyco Fire Products LP ("Tyco") in opposition to TIG Insurance Company's Joinder to the AIG Insurers' Motion to File Sur-Reply and Proposed Sur-Reply in Support of Their Opposition to Plaintiff's Motion for Partial Summary Judgment Regarding Certain "Pollution Exclusions" (ECF 304).[1]

A.  <u>Current Procedural Posture</u>

On March 18, 2024, Tyco filed the "Pollution Exclusion" Motion in question (ECF 256), which has been fully briefed, against both the AIG Insurers and TIG.  On May 3, 2024, the AIG Insurers filed a Motion for Leave to File Sur-Reply and a Proposed Sur-Reply (ECF 299, 300). On May 7, 2024, Tyco and the AIG Insurers announced a settlement-in-principle of this action as to them (ECF 302), but Tyco's motion remains important, ripe, and fully briefed against TIG. In recognition of this fact, on May 10, 2024, TIG filed a joinder to the AIG Insurers' Motion for Leave to File Sur-Reply and Proposed Sur-Reply (ECF 304).

Tyco's claims in this action against TIG and the other remaining *non-AIG* insurers seek, collectively, hundreds of millions of dollars in insurance coverage.  With Tyco's imminent need to fund the recent Water Provider settlement and Tyco's remaining MDL exposures, continued progress in this action and a ruling on Tyco's pending "Pollution Exclusion" Motion, as against TIG, remains urgent for Tyco.

B.  <u>TIG's Improper and Unavailing Sur-Reply</u>

Tyco respectfully submits that the Court should deny the Motion for Leave to file Sur-Reply and should reject TIG's request to join in, and adopt as its own, the AIG Insurers' proffered sur-reply brief.  Sur-replies are strongly disfavored; indeed, the Local Rules take a

---

[1] TIG has designated its Joinder as a "Notice of Joinder," not a "Motion for Joinder." Accordingly, Tyco responds here by letter.

**COVINGTON**

The Honorable Richard M. Gergel
May 13, 2024
Page 2

cautious approach even with respect to replies. *See* L.R. 7.07. The bases that TIG adopts in support of its request are unavailing and fail to clear the high bar required for a sur-reply.

In brief, the proffered sur-reply seeks to present alleged "newly available evidence" showing that coverage for Tyco's AFFF product liabilities is excluded by the "waste" language in the TIG "pollution exclusion" at issue: i.e., evidence purportedly established during deposition testimony from certain of Tyco's expert witnesses on April 24 and 25, 2024. *See* ECF 299 at 2. This assertion is wholly without merit.

*First*, as a threshold matter, the Court should deny TIG's request because the deposition testimony that the *AIG Insurers* sought to submit prior to settling with Tyco is not relevant to the sole *TIG policy* that remains at issue in Tyco's "Pollution Exclusion" Motion. The only "waste"-related provision that TIG relies upon to deny coverage for the AFFF Claims is Paragraph 1(b) of *its* policy's pollution exclusion, which, by its terms, may preclude coverage only where a release of "pollutants" occurs *at or from a premises used for* the "handling, storage, disposal, processing, or treatment of waste." *See* TIG Opp. (ECF 274) at 5–6. No reported case has ever applied this provision to premises other than landfills, recycling plants, or other waste management facilities. *See* Tyco Reply (ECF 294) at 3–5 (collecting cases). TIG did not and could not identify a single decision to the contrary. The subject matter of the proposed sur-reply thus has nothing to do with the "premises-specific" Paragraph 1(b) of TIG's exclusion. The Court should deny TIG's request to adopt and submit the proposed sur-reply on this ground alone.

*Second*, there is no need to consider extrinsic evidence because the Court can and should resolve Tyco's "Pollution Exclusion" Motion based on the plain language of the TIG policy alone. Tyco did not rely on *any* opinions or testimony of these witnesses in support of its "Pollution Exclusion" Motion (ECF 256), or in its reply brief supporting the motion (ECF 294). That is because, as the Motion itself makes clear, the plain language of TIG's pollution exclusion supports Tyco's interpretation, which has been recognized by numerous courts. TIG cannot vary the terms of its Paragraph 1(b) by reference to parol evidence of any kind, including soundbites from AIG's examination of Tyco's expert witnesses. This is especially true where, as here, *none* of the Tyco experts quoted in the proposed sur-reply sought to offer, or has offered, an opinion about whether AFFF constitutes "waste."

*Third*, there is no merit to TIG's suggestion that "Tyco argue[d] for the first time in its Reply that no policyholder would understand that Tyco's product . . . is 'waste.'" *See* ECF 299 at 3. Tyco did not raise any such argument for the first time in reply. To the contrary, Tyco's arguments about "waste" in its reply brief were made directly and properly in response to the argument about "waste" that *TIG* (and the AIG Insurers) raised in *their* opposition briefs. *See* TIG Opp. (ECF 274) at 19–21; AIG Opp. (ECF 281) at 16–18.

C.  Tyco's "Pollution Exclusion" Motion Remains Ripe as to TIG

To aid the Court in its review of Tyco's "Pollution Exclusion" Motion vis-à-vis TIG (in the wake of Tyco's settlement-in-principle with the AIG Insurers), Tyco respectfully directs the

**COVINGTON**

The Honorable Richard M. Gergel
May 13, 2024
Page 3

Court's attention to the following sections of its motion, which apply to the TIG pollution exclusion and support Tyco's request for partial summary judgment on this issue as to TIG:

> Tyco's Brief in Support (ECF 256-1)

- Pages 6–10 (Discussion of Paragraph 1 of the TIG Pollution Exclusion).

- Pages 10–16 (Discussion of Paragraph 2 of the TIG Pollution Exclusion).

> Buschell Declaration (ECF 256-2)

- Exhibit 5: TIG Policy Pollution Exclusion Amendatory Endorsement (ECF 256-7).

> Tyco's Reply Brief (ECF 294)

- Pages 3–5 (Tyco's responses to TIG's arguments concerning Paragraph 1 of the TIG Pollution Exclusion).

- Pages 10–12 (Tyco's responses to TIG's arguments concerning Paragraph 2 of the TIG Pollution Exclusion).

- Pages 12–15 (Tyco's responses to TIG's arguments requesting that the Court delay a ruling on Tyco's Motion).

Tyco respectfully requests that the Court proceed expeditiously to resolve Tyco's "Pollution Exclusion" Motion as to TIG (ECF 256), as this issue remains pressing between Tyco and TIG.

Respectfully submitted,

COVINGTON & BURLING LLP

/s/Allan B. Moore
Allan B. Moore (*pro hac vice*)
abmoore@cov.com

and

WILLS MASSALON & ALLEN LLC

/s/Christy Ford Allen
Christy Ford Allen (Fed Bar 09549)
callen@wmalawfirm.net

*Counsel for Tyco Fire Products LP*

Cc:    All Counsel of Record (by ECF)